*James John Rud and Brian Keith Hausfeld,*

*vs.*

*Nancy Johnston, et al.*

U.S. District Court No. 23-cv-486

# EXHIBIT 1

Filed in District Court
State of Minnesota
2/21/2023 9:19 AM

**STATE OF MINNESOTA**                              **DISTRICT COURT**

**COUNTY OF RAMSEY**                              **SECOND JUDICIAL DISTRICT**
                                                Case Type: Civil Other

| | |
|---|---|
| James John Rud, and Brian Keith Hausfeld, on behalf of themselves and all others similarly situated, | Case No. _____ |
| Plaintiffs, | **SUMMONS** |
| vs. | |
| Nancy Johnston, Executive Director, Minnesota Sex Offender Program; and Jodi Harpstead, Department of Human Services Commissioner, *in their official capacities*, | |
| Defendants. | |

THIS SUMMONS IS DIRECTED TO NANCY JOHNSTON, EXECUTIVE DIRECTOR, MINNESOTA SEX OFFENDER PROGRAM:

 1. **YOU ARE BEING SUED.** Plaintiffs have started a lawsuit against you. Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

 2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402.

 3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to Plaintiffs' Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

 4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you may lose this case by default. You will not get to tell your side of the story, and the Court may decide against you and award Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not

need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: February 17, 2023

**GUSTAFSON GLUEK PLLC**

*/s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Anthony J. Stauber (#401093)
Joseph E. Nelson (#402378)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstabuer@gustafsongluek.com
jnelson@gustafsongluek.com

***Counsel for Plaintiffs***

**STATE OF MINNESOTA**　　　　　　　　　　　　**DISTRICT COURT**

**COUNTY OF RAMSEY**　　　　　　　　　　　　**SECOND JUDICIAL DISTRICT**
　　　　　　　　　　　　　　　　　　　　　　　　Case Type: Civil Other

| | |
|---|---|
| James John Rud, and Brian Keith Hausfeld, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Nancy Johnston, Executive Director, Minnesota Sex Offender Program; and Jodi Harpstead, Department of Human Services Commissioner, *in their official capacities*,<br><br>　　　　Defendants. | Case No. _____<br><br><br>**SUMMONS** |

THIS SUMMONS IS DIRECTED TO JODI HARPSTEAD, COMMISSIONER OF THE MINNESOTA DEPARTMENT OF HUMAN SERVICES:

　　1. **YOU ARE BEING SUED**. Plaintiffs have started a lawsuit against you. Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

　　2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

　　120 South Sixth Street, Suite 2600, Minneapolis, MN 55402.

　　3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to Plaintiffs' Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

　　4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you may lose this case by default. You will not get to tell your side of the story, and the Court may decide against you and award Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not

need to respond.  A default judgment can then be entered against you for the relief requested in the Complaint.

     5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

     6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: February 17, 2023

**GUSTAFSON GLUEK PLLC**

*/s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Anthony J. Stauber (#401093)
Joseph E. Nelson (#402378)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstabuer@gustafsongluek.com
jnelson@gustafsongluek.com

*Counsel for Plaintiffs*

| | |
|---|---|
| STATE OF MINNESOTA<br><br>COUNTY OF RAMSEY | DISTRICT COURT<br><br>SECOND JUDICIAL DISTRICT<br>Case Type: Civil Other |
| James John Rud, and Brian Keith Hausfeld, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Nancy Johnston, Executive Director, Minnesota Sex Offender Program; and Jodi Harpstead, Department of Human Services Commissioner, *in their official capacities,*<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1.  Plaintiffs bring this class action on behalf of individuals civilly committed to the Minnesota Sex Offender Program ("MSOP") who have, by court order, been approved for transfer to Community Preparation Services ("CPS"), against Defendants, in their official capacity, for violations of Plaintiffs' constitutional, statutory, and common law rights. Specifically, Plaintiffs allege that Defendants have violated Plaintiffs' and Class Members' rights by failing to transfer Plaintiffs and Class Members to CPS facilities when court-ordered to do so – often indefinitely. Defendants' actions violate Plaintiffs' procedural and substantive due process rights under the United States and Minnesota Constitutions. Plaintiffs seek injunctive and declaratory relief for these constitutional, and statutory, violations as well as damages on behalf of themselves and Class Members.

## PARTIES

2. Plaintiff John James Rud is civilly committed to the MSOP in the care and custody of the Minnesota Department of Human Services ("DHS") for an indefinite period of time. He has petitioned and, on July 12, 2021, was approved for transfer from the high-security MSOP facility in Moose Lake, Minnesota to CPS. To date, he has not yet been transferred to CPS. He has been and continues to be injured by the acts and omissions of Defendants.

3. Plaintiff Brian Keith Hausfeld is civilly committed to the MSOP in the care and custody of the Minnesota Department of Human Services ("DHS") for an indefinite period of time. He petitioned and, on January 25, 2022, was approved for transfer from the high-security MSOP facility in Moose Lake, Minnesota to CPS. However, he was not transferred to CPS until November 8, 2022, which resulted in a delay of more than nine monthsHe has been and continues to be injured by the acts and omissions of Defendants.

4. Defendant Nancy Johnston is the Executive Director of MSOP and a resident of Minnesota. Defendant Johnston, in her official capacity, implemented, retained and carried out policies through the MSOP that violated the constitutional, statutory, and common law rights of Plaintiffs and Class Members.

5. Defendant Jodi Harpstead is the Commissioner of the Department of Human Services. DHS is responsible for operating the MSOP. Defendant Harpstead, in her official capacity, implemented, retained and carried out policies through the MSOP that violated the constitutional, statutory, and common law rights of Plaintiffs and Class Members.

## JURISDICTION AND VENUE

6. This action arises under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, the Minnesota Constitution and 42 U.S.C. § 1983, over which this Court has concurrent and simultaneous jurisdiction.

7. Venue is proper in this Court under Minn. Stat. § 542.01 as Defendants are located in Ramsey County and many of the acts and omissions giving rise to this action took place in Ramsey County.

## FACTS

8. Plaintiffs and Class Members are individuals who have been civilly committed to the MSOP under Minn. Stat. §§ 253D.01-.36 (Minnesota Commitment and Treatment Act ("MCTA")). Individuals committed to MSOP under the MCTA are generally committed for an indeterminate period of time. Minn. Stat. § 253D.07, subds 3, 4.

9. The stated goal of the MSOP is to treat and safely reintegrate committed individuals back into the community. To that end, treatment for MSOP patients is mandated by statute to enable patients to progress towards "rendering further supervision unnecessary," and allow discharge into the community. Minn. Stat. § 253B.03, subd. 7.

10. The Commissioner and MSOP Executive Director have exclusive authority over general operational decisions and treatment decisions. Minn. Stat. §§ 246B.01; 246B.03-04. Moreover, the Commissioner of the DHS is vested with the authority to maintain the program, which "*shall provide* specialized sex offender assessment, diagnosis, care, treatment, supervision, and other services to civilly committed sex offenders," including "specialized programs at secure facilities," "consultative services, aftercare services, community-based services and programs,

3

transition services, or other services consistent with the mission of the Department of Human Services." Minn. Stat. § 246B.02 (emphasis added).

11. Treatment of MSOP patients is structured into three phases, and each patient begins at Phase I. Generally, patients are housed at the high-security facilities at Moose Lake until they complete Phases I and II (some patients, such as those that are disabled or elderly, are housed at a secure facility on the grounds of the Minnesota Security Hospital in St. Peter).

12. In addition to the high-security facilities at Moose Lake, patients further progress through phases at one of two facilities in St. Peter – the secure and fenced-in St. Peter facility and the less restrictive, residential environment at CPS, which is outside of the secured perimeter. Both the St. Peter facility and CPS have limited capacity.

13. The CPS facilities are "designed to assist civilly committed sex offenders in developing the appropriate skills and resources necessary for an eventual successful reintegration into a community." Minn. Stat. § 246B.01, subd. 2a. Transfer to CPS is statutorily designated as a "reduction in custody." Minn. Stat. § 253D.27, subd. 1(b).

14. Per MSOP policies, to complete treatment and be eligible for provisional or total discharge from commitment, MSOP patients must complete all three treatment Phases. Phase III consists of, in part, reintegration treatment. This treatment is only offered at CPS. Thus, it is impossible for MSOP patients to receive treatment rendering future supervision unnecessary without transfer to CPS.

15. MSOP patients or the MSOP Executive director may petition for a reduction in custody – provisional discharge, discharge from commitment, or transfer out of a secure treatment facility – to the Special Review Board ("SRB"): a three-member panel statutorily-created to hear such petitions. Minn. Stat. §§ 253D.04, 253B.22. When a petition for reduction in custody is made,

the SRB must hold a hearing on the petition. Minn. Stat. § 253D.27, subd. 3. The SRB then considers whether transfer is appropriate by considering five statutorily-defined factors, after which the SRB issues a report to the Commitment Appeal Panel ("CAP") recommending approval or denial of the petition. Minn. Stat. § 253D.29, subd. 1. The CAP has exclusive authority to authorize reductions in custody. Minn. Stat. § 253D.27, subd. 4.

16. MSOP patients, the DHS Commissioner, or certain county attorneys may petition CAP for reconsideration of an SRB recommendation, which requires the SRB to hold a hearing. Minn. Stat. § 253D.28, subd. 1(a). If no petition for reconsideration is filed, the CAP must either issue an order adopting the SRB recommendations or set the matter for hearing, at which point the party seeking transfer must establish by preponderance of the evidence that transfer is appropriate. Minn. Stat. § 253D.28, subd. 2(e). Any party opposing a CAP order after hearing may appeal to the Minnesota Court of Appeals. Minn. Stat. § 253B.19, subd. 5.

17. If a CAP transfer order is not appealed, it becomes effective after 15 days. Minn. Stat. § 253D.28, subd. 3. The Commissioner and MSOP Executive Director have no discretion in determining if or when CAP transfer orders for reduction are effective and operational.

18. Despite these statutory provisions and CAP orders, Plaintiffs and Class Members who have been approved for transfer to CPS have languished at the high-security Moose Lake facility for months or years waiting for Defendants to effectuate their transfer.

19. By failing to transfer MSOP patients pursuant to CAP orders, Defendants have also flaunted judicial mandate; indeed, Defendant Harpstead has been found and remains in contempt of court for failure to transfer one patient to CPS for over 900 days. See *In the Matter of the Civil Commitment of Al Stone Folson*, County File No. 62-MN-PR-06-267; Appeal Panel File No. AP19-9153 (Ramsey County, Dec. 2, 2021). Another patient moved for contempt against

Defendant Harpstead for failing to effectuate his CAP transfer order for over 200 days and the court found there to be prima facie evidence of contempt. See *In the Matter of the Civil Commitment of Steven Loren Edwards*, Dakota County File No. 19HA-PR-10-32; Appeal Panel File No. AP21-9015 (Dakota County, October 31, 2022). That patient (Edwards) was finally transferred to CPS on or around January 24, 2023, nearly 300 days after CAP ordered his transfer.

20.  Plaintiff Rud was civilly committed to MSOP on July 2, 2009. Following the procedures set forth in Minn. Stat. § 253B.22, Plaintiff Rud petitioned for reduction in custody on June 26, 2020. The SRB issued an order recommending his transfer to CPS on July 12, 2021. The Commissioner did not petition the CAP for reconsideration of the transfer recommendation, and the CAP adopted the SRB recommendation. The Commissioner did not appeal the CAP order to the Minnesota Court of Appeals, and the CAP transfer order was effective as of June 6, 2022.

21.  As of this filing, Plaintiff Rud remains at the high-security Moose Lake facility, more than 8 months, after his order for transfer to CPS was made effective. He has received no information on when, if ever, he will actually be transferred.

22.  Plaintiff Hausfeld was civilly committed to MSOP on March 31, 1999. Following the procedures set forth in Minn. Stat. § 253B.22, Plaintiff Hausfeld petitioned for reduction in custody and the SRB issued an order recommending his transfer to CPS on April 13, 2021. The Commissioner did not petition the CAP for reconsideration of the transfer recommendation, and the CAP adopted the SRB recommendation. The Commissioner did not appeal the CAP order to the Minnesota Court of Appeals and the CAP transfer order was effective as of February 9, 2022.

23.  While Plaintiff Hausfeld awaited transfer to CPS, he was assaulted by another MSOP patient, causing substantial bodily harm as well as mental and emotional distress. Plaintiff Hausfeld was finally transferred to CPS on November 8, 2022, 9 months after his order for transfer.

24. As a result of Defendants' failure to transfer MSOP patients to CPS after judicial order, Plaintiffs and Class Members have been and continue to be injured.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs bring this class action on behalf of themselves and the Class Members pursuant to Minnesota Rules of Civil Procedure 23, seeking equitable, injunctive, and declaratory relief, and damages, on behalf of the following Classes:

> All patients committed to the Minnesota Sex Offender Program who have received transfer orders to less restrictive facilities but who have yet to be transferred. (The "Awaiting Transfer Class")

and

> All patients committed to the Minnesota Sex Offender Program who have received transfer orders to less restrictive facilities and who were transferred, but whose transfer was delayed. (The "Delayed Transfer Class")

26. The Classes are so numerous that joinder of all the Members would be impracticable. There are currently nearly one thousand individuals committed to MSOP. Considering the rate at which patients typically progress through Phases I and II of treatment, the number of patients who have been approved for but are still awaiting transfer is likely 50-60. Likewise, considering that the Delayed Transfer Class encompasses all patients historically who have had their transfers delayed, the proposed class is likely as many as one hundred Members. This is sufficiently numerous. *See Lewy 1990 Trust ex rel. Lewy v. Inv. Advisors, Inc.*, 650 N.W.2d 445, 452 (Minn. Ct. App. 2002) ("[T]he difficulty of joining as few as 40 class members may also raise a presumption that joinder is impracticable.").

27. Common questions of law and fact exist as to all Class Members and are the same for both Classes. These questions predominate over any questions unique to any individual Class Member and include, without limitation:

7

    a.    Whether Plaintiffs and Class Members have a liberty interest protected by due process in being transferred to a less-restrictive environment after judicial order for transfer;

    b.    Whether Plaintiffs and Class Members have a liberty interest protected by due process in receiving community reintegration treatment which is only available at CPS and upon which discharge from commitment is conditional.

    c.    Whether Defendants' conduct violated and continues to violate procedural and substantive due process; and

    d.    To what extent Plaintiffs and the Class Members have been damaged.

28. Plaintiffs' claims are typical of the claims of their respective Classes. Defendants' actions have affected Class Members equally because those actions were directed at Plaintiffs and Class Members and affected each in the same manner. Accordingly, Plaintiffs' claims against Defendants are based on the conduct of the Defendants and, as such, are typical to the claims of other Class Members.

29. Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs are Class Members and have no interests that are adverse to the interests of the Classes. Plaintiffs are committed to prosecuting this action to final resolution and has retained competent counsel with extensive experience in complex class action and civil rights litigation, and who will vigorously pursue this litigation on behalf of the Classes.

30. A class action is superior to other methods of adjudicating this controversy.

31. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

32. Defendants have acted or refused to act on grounds generally applicable to the Classes. Defendants' pattern of unconstitutional conduct has been directed at Plaintiffs only by virtue of their membership in the Classes.

33. The identity of Class Members would be easily ascertainable from Defendants' records.

## CAUSES OF ACTION

### COUNT I:
### Petition for Writ of Mandamus
### (On Behalf of the Awaiting Transfer Class)

34. Plaintiffs and Class Members restate and reallege all previous paragraphs of this Complaint.

35. Minn. Stat. § 586.01, et seq. permits the Court to issue a writ of mandamus to compel a person to perform an act or official duty clearly imposed by law.

36. Defendants have a clear, statutorily-defined duty under Minn. Stat. § 253B.09, subd. 1, to effectuate CAP transfer orders no longer subject to appeal. *McDeid v. Johnston,* No. A21-0042, 2023 WL 1425674, at *17 (Minn. Feb. 1, 2023) ("under the plain terms of the statute, if . . . a CAP transfer order was not appealed, it becomes effective and operational after 15 days following its issuance.").

37. Defendants have another, independent, statutorily-defined duty under Minn. Stat. § 253B.03, subd. 7 to provide treatment to render further supervision unnecessary, including reintegration treatment under Minn. Stat. §§ 246B.01; 246B.03-04.

9

38. Defendants have delayed Plaintiffs' and Class Members' transfer to CPS. As a result, Plaintiff Rud and members of the Awaiting Transfer Class have remained in the high-security treatment facility without access to Phase III reintegration treatment for months or years without any guarantee if or when they will be transferred.

39. Defendants' failure to comply with their legal duties constitutes a public wrong injurious to Plaintiffs and Class Members, and there is no plain, speedy, or adequate remedy in the ordinary course of law.

40. Therefore, Plaintiffs and Class Members are entitled to a peremptory writ of mandamus ordering Defendants to immediately comply with all effective CAP orders and to transfer Plaintiffs and Class Members pursuant to those orders.

## COUNT II:
### Procedural Due Process Under the United States and Minnesota Constitutions
### (On Behalf of Both Classes)

41. Plaintiffs and the Class Members restate and reallege all previous paragraphs of this Complaint.

42. 42 U.S.C. § 1983 creates a private right to sue government entities and their employees for violations of civil rights under the United States Constitution.

43. The Fourteenth Amendment to the U.S. Constitution provides that no state shall "deprive any person of life, liberty, or property, without the due process of law." Included within these constitutional protections are the rights to notice and hearing when an individual is deprived of his fundamental property and liberty interests.

44. The Due Process protections guaranteed by the Minnesota Constitution are coextensive with those guaranteed by the United States Constitution. *State v. Holloway*, 916 N.W.2d 338, 344 (Minn. 2018).

45.     Defendants are state actors subject to the Fourteenth Amendment.

46.     Plaintiffs and Class Members had a protected liberty interest in being transferred to a less-restrictive environment after receiving a judicial order for transfer. The transfer of Plaintiffs and Class Members after judicial order is not discretionary, and Defendants are required by statute to effectuate transfer. *McDeid,* 2023 WL 1425674, at *17. Plaintiffs and Class Members followed all statutory requirements to be eligible for transfer. Plaintiffs and Class Members thus had a legitimate claim of entitlement to the timely effectuation of the CAP transfer orders.

47.     Defendants' conduct constitutes a substantial deprivation because Plaintiffs and Class Members have not been transferred, have not been given a timeline for transfer, and are uncertain if they ever will be transferred.

48.     Plaintiffs and Class Members have received no due process of law with respect to Defendants' delay and refusal to comply with the CAP order.

49.     There is no meaningful process or procedural protections for Plaintiffs and Class Members to ensure timely or actual enforcement CAP transfer orders.

50.     Defendants have thus violated Plaintiffs' and Class Members' due process rights and deprived Plaintiffs and Class Members of their protected property and liberty interest in violation of the U.S. and Minnesota Constitutions.

51.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered and continues to suffer damages, the exact amount to be determined at trial.

## COUNT III:
**Procedural Due Process Under the United States and Minnesota Constitutions**
**(On Behalf of Both Classes)**

52.     Plaintiffs and the Class Members restate and reallege all previous paragraphs of this Complaint.

53. 42 U.S.C. § 1983 creates a private right to sue government entities and their employees for violations of civil rights under the United States Constitution.

54. The Fourteenth Amendment to the U.S. Constitution provides that no state shall "deprive any person of life, liberty, or property, without the due process of law." Included within these constitutional protections are the rights to notice and hearing when an individual is deprived of his fundamental property and liberty interests.

55. The Due Process protections guaranteed by the Minnesota Constitution are coextensive with those guaranteed by the United States Constitution. *State v. Holloway*, 916 N.W.2d 338, 344 (Minn. 2018).

56. Defendants are state actors subject to the Fourteenth Amendment.

57. Under the MCTA, MSOP patients are entitled to treatment so as to "render further supervision unnecessary" which includes reintegration treatment only offered at CPS. Because discharge from commitment – that is, determination that further supervision is unnecessary – is conditioned upon completion of reintegration treatment, Plaintiffs and Class Members have a protected property and liberty interest in the effectuation of the CAP transfer order which would provide them access to such treatment.

58. Defendants' conduct constitutes a substantial deprivation because for the Awaiting Transfer Class, Plaintiff Rud and Class Members have not been transferred, have not been given a timeline for transfer, and are uncertain if they ever will be transferred and, concomitantly, have not had access to the treatment necessary for their discharge.

59. Defendants' conduct constitutes a substantial deprivation because for the Delayed Transfer Class, Plaintiff Hausfeld and Class Members were not transferred after judicial order and

as such were delayed in receiving reintegration which delayed Plaintiff Hausfeld and Delayed Transfer Class Members' access to the treatment necessary for their discharge.

60. Plaintiffs and Class Members have received no due process of law with respect to Defendants' refusal to comply with CAP orders.

61. There is no meaningful process or procedural protections for Plaintiffs and Class Members to ensure timely or actual enforcement CAP transfer orders.

62. Defendants have thus violated Plaintiff's and Class Members' due process rights and deprived Plaintiff and Class Members of their protected property and liberty interest in violation of the U.S. and Minnesota Constitutions.

63. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered and continues to suffer damages, the exact amount to be determined at trial.

## COUNT IV:
### Substantive Due Process Under the Minnesota and United States Constitutions
### (On Behalf of Both Classes)

64. Plaintiffs and Class Members restate and reallege all previous paragraphs of this Complaint.

65. 42 U.S.C. § 1983 creates a private right to sue government entities and their employees for violations of civil rights under the United States Constitution.

66. The Fourteenth Amendment to the U.S. Constitution provides that no state shall "deprive any person of life, liberty, or property, without the due process of law." Included within these constitutional protections are the rights to notice and hearing when an individual is deprived of his fundamental property and liberty interests.

67. The Due Process protections guaranteed by the Minnesota Constitution are coextensive with those guaranteed by the United States Constitution. *State v. Holloway*, 916 N.W.2d 338, 344 (Minn. 2018).

68. As previously alleged, Plaintiffs and Class Members had a liberty interest in the effectuation of the CAP transfer orders which provide them access to treatment required for phase progression and are otherwise statutorily required.

69. Defendants' failure to transfer Plaintiffs and Class Members in the face of statute and judicial mandate – not for days, but for months and even years – evinces deliberate injurious intent, shocks the conscience, and interferes with the rights implicit in the concept of ordered liberty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as follows:

1. An Order certifying the Classes as defined herein under Minnesota Rule of Civil Procedure 23, and appointing Plaintiffs and their counsel to represent the Classes;

2. A writ of mandamus to compel Defendants' compliance with Minn. Stat. § 253B.09, subd. 1, transfer Plaintiff Rud and Awaiting Transfer Class Members pursuant to CAP transfer orders, provide Plaintiff Rud and Awaiting Transfer Class Members reintegration treatment required to render further supervision unnecessary, and award damages to Plaintiff Rud and Awaiting Transfer Class Members and declaration that the actions of Defendants, as described above, are unconstitutional;

3. An Order enjoining Defendants' ongoing unconstitutional conduct described herein;

4. An order permanently enjoining Defendants from Depriving Plaintiffs and the Class Members of their constitutional rights;

5. Damages compensating Plaintiffs and the Class Members for their injuries, including but not limited to compensatory, pecuniary, and medical expense damages;

6. Costs, disbursements, expenses, and attorneys' fees;

7. Pre- and post-judgment interest, to the extent allowable; and

8. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demands a trial by jury in this case as to all issues so triable.

Dated: February 17, 2023

**GUSTAFSON GLUEK PLLC**

*/s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Anthony J. Stauber (#401093)
Joseph E. Nelson (#402378)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstabuer@gustafsongluek.com
jnelson@gustafsongluek.com

***Attorneys for Plaintiffs and the Proposed Classes***