UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| James John Rud, and Brian Keith Hausfeld, on behalf of themselves and all others similarly situated, | Civil File No. 23-cv-00486 (JRT/LIB) |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS COMPLAINT** |
| vs. | |
| Nancy Johnston, Executive Director, Minnesota Sex Offender Program; and Jodi Harpstead, Department of Human Services Commissioner, in their official capacities, | |
| Defendants. | |

Defendants Nancy Johnston and Jodi Harpstead, in their official capacities ("Defendants"), submit the following Answer to Plaintiffs' Class Action Complaint (ECF No. 1-1) ("Complaint") pursuant to Fed. R. Civ. P. 8. Unless specifically admitted, all averments contained in the Complaint are denied.

## PLAINTIFFS' COMPLAINT

### INTRODUCTION

1. The Complaint's introduction sets forth the nature of Plaintiffs' action, including asserted causes of action and remedies that the Court has now dismissed. *See* Mem. Op. and Order on Defs.' Mot. to Dismiss and Pls.' Mot. to Certify Classes, Sep. 28, 2023, ECF No. 73 ("Sep. 28 Order"). As such, no response is required. To the extent a response is required, Defendants deny the allegations.

**PARTIES**

2. Defendants admit the first sentence of Paragraph 2. As to the second sentence of Paragraph 2, Defendants admit that Mr. Rud "has petitioned" for transfer to Community Preparation Services ("CPS") and otherwise deny. Defendants deny the averments in the third and fourth sentences of Paragraph 2.

3. Defendants admit the first sentence of Paragraph 3. As to the second sentence of Paragraph 3, Defendants admit Mr. Hausfeld "petitioned . . . for transfer to CPS," and otherwise deny; Defendants affirmatively state that, in an order dated January 25, 2022, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**." As to the third sentence of Paragraph 3, Defendants admit only that Mr. Hausfeld "was not transferred to CPS until November 8, 2022," and otherwise deny. Defendants deny the averments in the fourth sentence of Paragraph 3.

4. Defendants admit the first sentence of Paragraph 4. The remainder of this paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendants deny the allegations.

5. Defendants admit the first sentence of Paragraph 5. The remainder of this paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendants deny the allegations.

**JURISDICTION AND VENUE**

6. This paragraph sets forth legal conclusions to which no response is required.

7. This paragraph sets forth legal conclusions to which no response is required.

## FACTS

8. Defendants admit that Plaintiffs have been civilly committed to the Minnesota Sex Offender Program ("MSOP"), but lack knowledge or information related to the putative class members. The remainder of this paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendants deny the allegations.

9. This paragraph sets forth legal conclusions to which no response is required.

10. This paragraph sets forth legal conclusions to which no response is required.

11. Defendants deny the allegations in the first sentence of Paragraph 11 and affirmatively state that MSOP generally operates as a three-phase treatment program, with newly committed individuals usually beginning in Phase I. Defendants deny the remainder of the allegations in this paragraph.

12. Defendants deny the allegations in the first sentence of Paragraph 12. Defendants admit the second sentence of Paragraph 12.

13. This paragraph sets forth legal conclusions to which no response is required.

14. Defendants deny the allegations in this paragraph.

15. This paragraph sets forth legal conclusions to which no response is required.

16. This paragraph sets forth legal conclusions to which no response is required.

17. This paragraph sets forth legal conclusions to which no response is required.

18. Defendants deny the allegations in this paragraph.

19. This paragraph sets forth legal conclusions to which no response is required.

20. Defendants deny the allegations in the first sentence of Paragraph 20 and affirmatively state that Mr. Rud was civilly committed as a Sexually Dangerous Person and Sexual Psychopathic Personality by final order dated September 29, 2010. Defendants admit the second and third sentences in Paragraph 20. Defendants deny the remaining allegations in this paragraph.

21. Defendants deny the allegations in this paragraph and affirmatively state that Mr. Rud has been transferred to and now resides at CPS.

22. Defendants deny the allegations in the first sentence of Paragraph 22 and affirmatively state that Mr. Hausfeld was civilly committed as a Sexually Dangerous Person and Sexual Psychopathic Personality by final order dated August 6, 1999. Defendants deny the allegations in the second sentence of Paragraph 22 and affirmatively state that the Special Review Board issued its findings and recommendations on April 7, 2021. Defendants deny the remaining allegations in this paragraph and affirmatively state that the Commissioner requested reconsideration of the CAP's order on February 9, 2022 and then appealed the CAP's order on March 18, 2022.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 23. Defendants admit that Mr. Hausfeld was transferred to CPS on or around November 8, 2022.

24. This paragraph sets forth legal conclusions to which no response is required.

## CLASS ACTION ALLEGATIONS

25. This paragraph and its subparagraphs set forth legal conclusions to which no response is required. They further assert a claim for monetary damages, which was dismissed by the Court in its Sep. 28 Order.

26. The first sentence of Paragraph 26 sets forth legal conclusions to which no response is required. Defendants deny the second through fourth sentences of Paragraph 26. The remainder of this paragraph sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

27. This paragraph and its subparagraphs set forth legal conclusions to which no response is required. Defendants affirmatively state that the Court found that Plaintiffs have failed to satisfy Rule 23(a)'s commonality requirement. *See* Sep. 28 Order at 22-25. To the extent a further response is required, Defendants deny the allegations in this paragraph.

28. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

29. This paragraph sets forth legal conclusions to which no response is required. Defendants affirmatively state that the Court found that Mr. Rud failed to satisfy Rule 23(a)'s adequacy requirement. *See* Sep. 28 Order at 26-27. To the extent a further response is required, Defendants deny the allegations in this paragraph.

30. This paragraph sets forth legal conclusions to which no response is required.

31. This paragraph sets forth legal conclusions to which no response is required.

32. This paragraph sets forth legal conclusions to which no response is required.

33. This paragraph sets forth legal conclusions to which no response is required.

## CAUSES OF ACTION

### COUNT I: PETITION FOR WRIT OF MANDAMUS

34. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

35. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

36. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

37. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

38. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

39. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

40. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

### COUNT II: PROCEDURAL DUE PROCESS UNDER THE UNITED STATES AND MINNESOTA CONSTITUTIONS

41. Defendants incorporate their responses to the preceding paragraphs.

42. This paragraph sets forth legal conclusions to which no response is required.

43. This paragraph sets forth legal conclusions to which no response is required.

44. This paragraph sets forth legal conclusions to which no response is required.

45. This paragraph sets forth legal conclusions to which no response is required.

46. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

47. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and affirmatively state that both Plaintiffs have been transferred to CPS.

48. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

49. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

50. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

51. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### COUNT III: PROCEDURAL DUE PROCESS UNDER THE UNITED STATES AND MINNESOTA CONSTITUTIONS

52. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

53. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

54. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

55. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

56. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

57. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

58. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

59. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

60. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

61. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

62. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

63. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

### COUNT IV: SUBSTANTIVE DUE PROCESS UNDER THE UNITED STATES AND MINNESOTA CONSTITUTIONS

64. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

65. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

66. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

67. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

68. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

69. This paragraph relates to a cause of action that has been dismissed (*see* Sep. 28 Order), and so no response is required.

### PRAYER FOR RELIEF

To the extent that the Plaintiffs' Prayer for Relief requires an answer, Defendants deny that Plaintiffs are entitled to the relief requested and aver that no Plaintiff is entitled to any relief against any Defendant. Defendants further affirmatively state that Plaintiffs' prayer for money damages was dismissed by the Court in its Sep. 28 Order.

### AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise bear, Defendants further assert the separate and distinct affirmative defenses stated below to each and every

cause of action alleged in the Complaint, except where such affirmative defense states that it is specifically limited to one or more causes of action.

1. The Complaint fails to state facts sufficient to plausibly plead a cause of action against Defendants.

2. Plaintiffs' claims are precluded under the doctrine of *res judicata* by the decisions in *Karsjens v. Harpstead*, No. CV 11-3659, 2022 WL 542467 (D. Minn. Feb. 23, 2022) and its related cases and appeals.

**RIGHT TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

Defendants reserve the right to amend their Answer to assert any additional affirmative defenses, objections, or other defenses available under applicable law or the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs be granted no relief in this action against Defendants;

2. That judgment be rendered in favor of Defendants and against Plaintiffs on each and every cause of action alleged in the Complaint;

3. That Defendants recover their costs and fees incurred, including attorneys' fees; and

4. For any other further relief as this Court deems just and proper.


[Signature on Next Page]

Dated: October 13, 2023

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

**s/ Gabriel R. Ulman**
GABRIEL R. ULMAN
Assistant Attorney General
Atty. Reg. No. 0402503

AARON WINTER
Assistant Attorney General
Atty. Reg. No. 0390914

EMILY B. ANDERSON
Assistant Attorney General
Atty. Reg. No. 0399272

LEAF MCGREGOR
Assistant Attorney General
Atty. Reg. No. 0389140

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1275 (Voice)
aaron.winter@ag.state.mn.us
emily.anderson@ag.state.mn.us
gabriel.ulman@ag.state.mn.us
leaf.mcgregor@ag.state.mn.us

*Attorneys for Defendants*

|#5606941-v2