UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James John Rud, Brian Keith Hausfeld, Joshua Adam Gardner, Dwane David Peterson, Lynell Dupree Alexander, and Andrew Gary Mallan on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Nancy Johnston, Executive Director, Minnesota Sex Offender Program, and Jodi Harpstead, Department of Human Services Commissioner, *in their individual and official capacities,*<br><br>Defendants. | Court File No. 0:23-cv-00486-JRT-LIB<br><br>**JOINT RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on November 13, 2023, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 will be scheduled at a time and location to be determined by the Court before the United States Magistrate Judge Leo Brisbois. The parties request that the pretrial be held by telephone.

(a) Description of the Case.

(1) Concise factual summary of plaintiff's claims:

Plaintiffs and proposed class members are individuals who have been civilly committed to the Minnesota Sex Offender Program ("MSOP") under Minn. Stat. under the Minnesota Commitment and Treatment Act ("MCTA"). Plaintiffs and proposed class members are all individuals who have been approved and received orders for transfer to a less-restrictive phase of treatment phase at Community Preparation Services ("CPS"). Despite being charged with effectuating such transfer orders, Defendants have left

1

Plaintiffs and others who have been approved for transfer to CPS to languish high-security treatment facilities for months or years.

(2) Concise factual summary of defendant's claims/defenses:

Defendants anticipate moving to dismiss Plaintiff's First Amended Complaint (Doc. 77) because it fails to plausibly allege claims on which relief can be granted, Plaintiffs Rud and Hausfeld are precluded from re-litigating claims previously dismissed with prejudice, this Court lacks jurisdiction to issue Plaintiffs' writ of mandamus and Plaintiffs have not adequately pled that they are entitled to a writ, the Individual-Capacity Defendants are entitled to qualified immunity, and Plaintiffs are not entitled to injunctive relief against the Individual-Capacity Defendants. Defendants' anticipated motion to dismiss will set forth Defendants' defenses in greater detail.

(3) Statement of jurisdiction (including statutory citations):

This Court has subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) as Defendants' alleged conduct occurred in, was directed from, and/or emanated from this judicial district, because Plaintiffs reside in this district, and because Defendants are subject to personal jurisdiction in this district. This Court has personal jurisdiction over Defendants because acts alleged occurred within the State of Minnesota

(4) Summary of factual stipulations or agreements:

None at this time.

(5) Statement of whether a jury trial has been timely demanded by any party:

Timely demanded by Plaintiffs

It is Defendants' position that Plaintiffs are not entitled to damages as the Individual Capacity Defendants are entitled to qualified immunity, thus, if qualified immunity is granted, neither party would have a right to a jury trial.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to the Procedure for Expedited Trials.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Plaintiffs do not anticipate amending their pleadings further.

Defendants acknowledge service of the operative First Amended Complaint (Doc. 77) and intend on filing a motion to dismiss contemporaneously with this report. Defendants anticipate answering the First Amended Complaint, if needed, upon receipt of the Court's order rendering an opinion on the motion to dismiss.

(c) Fact Discovery.[1]

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before:

Plaintiffs' proposal: November 28, 2023.

Defendants' proposal: December 5, 2023.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by

Plaintiffs' proposal: January 31, 2024.

Defendants' proposal: June 21, 2024.

(3) The parties must commence fact discovery procedures in time to be completed by:

Plaintiffs' proposal: January 31, 2024.

---

[1] The Court issued the Pretrial Scheduling Notice and Order, which in part required submission of this Joint Rule 26(f) Report, prior to Plaintiffs' recent amendment of their complaint and the parties subsequent stipulation giving Defendants until December 1, 2023 to move to dismiss the First Amended Complaint.  Doc. 76, 77, 80. Defendants' position is that discovery should not commence and should be stayed until the Court renders an opinion on their forthcoming motion to dismiss the First Amended Complaint; Defendants intend to file a motion to stay discovery shortly. Accordingly, all of Defendants' proposals related to discovery herein are submitted solely to advise the Court of their positions on discovery in the event discovery is not stayed.

3

  Defendants' proposal: June 21, 2024.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

 (A) interrogatories;

  Plaintiffs' proposal: 10.

  Defendants' proposal: No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

 (B) document requests;

  Plaintiffs' proposal: 10.

  Defendants' proposal: No more than 25 document requests shall be served by each side.

 (C) factual depositions;

  Plaintiffs' proposal: 9.

  Defendants' proposal: 10.

 (D) requests for admissions;

  Plaintiffs' proposal: 10.

  Defendants' proposal: No more than 25 requests for admissions shall be served by each side.

 (E) Rule 35 medical examinations; and

  Plaintiffs' proposal: 0.

  Defendants' proposal: 6.

(d) Expert Discovery.

(1) The parties anticipate that they will require expert witnesses at the time of trial.

 (A) The Plaintiffs anticipate calling one or two experts.

(B) The Defendants anticipate calling up to four experts to be determined upon receipt of the Court's Order on the pending motion to dismiss.

(2) The parties propose that the Court establish the following plan for expert discovery:

(A) Initial experts.

(i) Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

a. Identities and disclosures by the parties on or before:

Plaintiffs' proposal: January 17, 2024.

Defendants' proposal: July 19, 2024.

(B) Rebuttal experts.

(i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before

Plaintiffs' proposal: January 31, 2024.

Defendants' proposal: August 23, 2024.

(ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before

Plaintiffs' proposal: January 31, 2024.

Defendants' proposal: August 23, 2024

(4) All expert discovery must be completed by

Plaintiffs' proposal: January 17, 2024.

Defendants' proposal: September 27, 2024

(e) Other Discovery Issues.

(1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed protective order noting any areas of disagreement.

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

The parties have discussed the form of production of electronically stored information and have agreed to produce documents, including electronically stored information, as multi-page image files ("TIF") with searchable text. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and multimedia files, should be produced in native format with database slip sheets. Color documents shall be produced as color image files.

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties request the Court to include the following agreement in the scheduling order:

The parties will submit a stipulation and proposed Protective Order addressing this issue.

(4) The parties:

☐ agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

**X** agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by

   Plaintiffs' proposal: February 1, 2024.

   Defendants' proposal: December 21, 2023.

(2) Motions seeking to amend the pleadings must be filed and served by

   Plaintiffs' proposal: February 1, 2024.

   Defendants' proposal: December 21, 2023.

(3) All other non-dispositive motions must be filed and served by

   Plaintiffs' proposal: February 10, 2024.

   Defendants' proposal: October 4, 2024.

(4) All dispositive motions must be filed and served by

   Plaintiffs' proposal: April 1, 2024.

   Defendants' proposal: November 4, 2024

(5) Any motion for class certification, if applicable, must be filed and served by:

   Plaintiffs' proposal: February 10, 2024.

   Defendants' proposal: February 19, 2024.

(g) Trial-Ready Date.

   (1) The parties agree that the case will be ready for trial on or after

   Plaintiffs' proposal: June 1, 2024.

   Defendants' proposal: February 6, 2025

   (2) The parties propose that the final pretrial conference be held on or before

   Plaintiffs' proposal: April 15, 2024.

   Defendants' proposal: January 19, 2025.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Not applicable.

(i) Settlement.

    (1) The parties will discuss settlement before the initial pretrial conference, by the plaintiffs making a written demand for settlement three weeks before the pretrial conference and defendants making a written response to the plaintiffs' demand one week before the pretrial conference.

    (2) The parties propose that a settlement conference be scheduled to take place before

        Plaintiffs' proposal: February 1, 2024.

        Defendants' proposal: October 4, 2024.

    (3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case. The parties believe that, at this time, alternative dispute resolution will not be helpful to the resolution of this case.

(j) Trial by Magistrate Judge.

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

| | |
|---|---|
| Dated: November 21, 2023 | **GUSTAFSON GLUEK PLLC**<br><br>**/s/ Joseph E. Nelson**<br>Daniel E. Gustafson (#202241)<br>Joseph E. Nelson (#402378)<br>Matt Jacobs (#403465)<br>Canadian Pacific Plaza<br>120 South Sixth Street, Suite 2600<br>Minneapolis, Minnesota 55402<br>Telephone: 612-333-8844<br>Fax: 612-339-6622<br>dgustafson@gustafsongluek.com<br>dgoodwin@gustafsongluek.com<br>tstabuer@gustafsongluek.com<br>jnelson@gustafsongluek.com<br><br>**FREMSTAD LAW**<br>Hannah L. Scheidecker (#0401987)<br>3003 32nd Ave. S., Ste. 240<br>Fargo, ND 58103<br>(701) 478-7620<br>hannah@fremstadlaw.com<br><br>*Attorneys for Plaintiffs and the Proposed Classes* |
| | KEITH ELLISON<br>Attorney General<br>State of Minnesota |
| DATE: November 21, 2023 | **s/ Aaron Winter**<br><br>AARON WINTER<br>Assistant Attorney General<br>Atty. Reg. No. 0390914<br><br>EMILY B. ANDERSON<br>Assistant Attorney General |

9

        Atty. Reg. No. 0399272

        JACQUELINE CLAYTON
        Assistant Attorney General
        Atty. Reg. No. 0504082

        445 Minnesota Street, Suite 1400
        St. Paul, Minnesota 55101-2131
        (651) 757-1374 (Voice)
        (651) 282-5832 (Fax)
        aaron.winter@ag.state.mn.us
        emily.anderson@ag.state.mn.us
        Jacqueline.clayton@ag.state.mn.us

        *Attorneys for Defendants*