## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| James John Rud and Brian Keith Hausfeld, on behalf of themselves and all others similarly situated, | Civil Case No. 23-cv-486 (JRT-LIB) |
| Plaintiffs, | |
| vs. | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY** |
| Nancy Johnston, Executive Director, Minnesota Sex Offender Program, and Jodi Harpstead, Department of Human Services Commissioner, in their official capacities, | |
| Defendants. | |

## INTRODUCTION

In their upcoming response to Plaintiffs' First Amended Complaint ("FAC") (ECF No. 77), which is due to be filed on or before December 1, 2023 (*see* ECF No. 83), Defendants Jodi Harpstead and Nancy Johnston ("Defendants") will assert a number of defenses that may result in dismissal of the FAC in whole or in part—including that they are protected from monetary claims by the doctrine of qualified immunity. Therefore, Defendants move for an order staying discovery until the upcoming motion to dismiss is resolved.

First, the Supreme Court, the Eighth Circuit, and this specific Court have all made it clear that "the purpose of qualified immunity is to protect government officials from the burdens of litigation and discovery is one such major burden." Order, *Mallak v. Aitkin Cnty.*, No. 13-CV-2119 (DWF/LIB) at n.6 (D. Minn. Oct. 14, 2015), ECF No. 280 (citing

*Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) and *Washington v. Blunt*, 384 F. App'x 529, 531 (8th Cir. 2010)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, *discovery should not be allowed*.") (emphasis added).  Discovery should thus be stayed until the Defendants' qualified immunity defense is resolved.

Alternatively, Defendants ask the Court to exercise its discretion under Federal Rule of Civil Procedure 26(c) to stay discovery pending the determination of Defendants' upcoming motion to dismiss.  *Zutz v. Nelson*, No. CV 08-958 (JNE/RLE), 2009 WL 10711548, at *3 (D. Minn. Jan. 12, 2009) (noting that "[a] Protective Order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.") (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D. N.C. 2003).  A stay is warranted here because: (a) Defendants are likely to prevail on their motion to dismiss, (b) Defendants will suffer significant harm if discovery is not stayed, (c) Plaintiffs will not be prejudiced by a stay, and (d) a stay will promote judicial efficiency and prevent unnecessary litigation.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Rud and Hausfeld initiated this action in Minnesota state court and Defendants removed it to this Court in March 2023.  ECF No. 1.  Those Plaintiffs brought the following four counts against Defendants Harpstead and Johnston (in their official capacities only): a petition for a writ of mandamus (Count I), two procedural due process claims (Counts II & III) and a substantive due process claim (Count IV).  Compl.,

ECF No. 1-1.  The original Complaint sought both compensatory damages and injunctive relief.  *Id*.

Defendants subsequently moved to dismiss Plaintiffs' Complaint in its entirety (ECF Nos. 21, 23), which the Court granted in large part, dismissing three of Plaintiffs' claims with prejudice.  Order on Defs' Mot. To Dismiss and Pls' Mot. To Certify Classes (hereinafter, "MTD Order"), ECF No. 73.[1]  The Court also dismissed all of Plaintiffs' damages claims because, among other things, Plaintiffs had not sued either defendant in her individual capacity, as required to bring damages claims under section 1983.  *Id*.  However, the Court allowed Plaintiffs to file an amended complaint that alleges individual-capacity claims in order to renew their damages claims.  *Id*.  In doing so, the Court also expressly noted "that individual capacity claims would likely raise qualified immunity concerns."  *Id*. n.5.

On October 30, 2023, Plaintiffs filed their First Amended Complaint ("FAC").  FAC, ECF No. 77.  The FAC is strikingly similar to the original Complaint; the FAC also styles itself as a putative class action complaint, and it also contains the same or very similar four counts against Defendants.  *See, generally, id*.  In addition to attempting to revive much of what was previously dismissed, the FAC also made some changes to the initial Complaint: the FAC adds several new named plaintiffs, changes some factual allegations, adds detail to old allegations, and brings individual-capacity claims against Defendants Harpstead and Johnston.  *Id*.

---

[1] The Court permitted only one of Plaintiffs' claims to go forward: Count II, a claim that Defendants violated procedural due process by failing to effectuate Plaintiffs' CAP transfer orders within a reasonable time and without any process.  ECF No. 73 at 11.

Defendants intend to move to dismiss the FAC in its entirety, and their responsive pleading is due to be filed on or before December 1, 2023.  ECF No. 83.  In addition to making similar arguments to those which the Court found persuasive in dismissing the original Complaint's functionally-identical causes of action, Defendants will also argue that Defendants in their individual capacities are immune from suit—meaning immune from Plaintiffs' damages claims—under the doctrine of qualified immunity.

## ARGUMENT

### I.   DISCOVERY SHOULD BE STAYED UNTIL THE COURT RESOLVES THE ISSUE OF DEFENDANTS' QUALIFIED IMMUNITY.

As the Supreme Court has instructed, the Court should exercise its authority to stay discovery until resolution of Defendants' qualified immunity defenses.  *Harlow*, 457 U.S. at 818 ("[U]ntil th[e] threshold immunity question is resolved, discovery should not be allowed."); *see also Janis v. Biesheuvel*, 428 F.3d 795, 800 (8th Cir. 2005) ("Qualified immunity is an immunity from suit, not simply from liability").  The Supreme Court noted that one of the purposes of qualified immunity is to "protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (quoting *Harlow*, 457 U.S. at 817);[2] *see also Hughbanks v. Fluke*, No. 4:21-CV-04167-KES, 2023 WL 1927786, at *3 (D.S.D.

---

[2] For that reason, the Supreme Court has "emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson*, 483 U.S. at 646 n.6.   A motion to dismiss is one such early stage.  *See, e.g., Dean v. Smith*, No. 4:09CV3144, 2009 WL 2710085, at *2 (D. Neb. Aug. 25, 2009) (granting motion to stay discovery until the court resolved defendants' pending motion to dismiss, which raised qualified immunity defenses).

Feb. 10, 2023) (holding that qualified immunity "protects government officials from discovery.").

Though trial courts have the ultimate discretion on whether to grant a motion to stay discovery, multiple courts have found that such a stay is well-warranted when a defendant asserts a qualified immunity defense—at least until the court resolves the qualified immunity question. *See Ballard v. Heineman*, 548 F.3d 1132, 1136 (8th Cir. 2008); *Hughbanks*, 2023 WL 1927786; *Payton v. City of St. Louis*, No. 4:20-CV-00861-SEP, 2021 WL 1222427, at *5 (E.D. Mo. Mar. 31, 2021); Order, *Mallak*, No. 13-CV-2119 (DWF/LIB) (D. Minn. Oct. 14, 2015). Further, damages discovery would not simply overlap with merits discovery, instead potentially requiring discovery on numerous Plaintiff-specific issues separate from whether Defendants violated a legal duty to transfer them earlier or take some other action as a result of not doing so. *See, e.g.*, Doc. 77, pp. 16-17 (Plaintiffs asserting that the issues in the case include "[w]hether Defendants' actions caused a delay in the progress of Plaintiffs' and others' treatment" and "[t]o what extent Plaintiffs and the proposed class members have been damaged."), 24 (asserting that Plaintiffs suffered "compensatory, pecuniary, and medical expense damages."); Doc. 84, pp. 8-9 (Plaintiffs' Statement of the Case, failing to itemize damages but stating that Plaintiffs' damages include "increased time in MSOP, prolonged denial of reduction in custody, denial of treatment, and resultant mental and emotional distress.").

For these reasons, until the Court resolves Defendants' assertions of qualified immunity, "even such pretrial matters as discovery are to be avoided if possible[.]" *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

## II.  ALTERNATIVELY, THE COURT SHOULD ISSUE A DISCRETIONARY STAY ON DISCOVERY UNDER RULE 26(C).

Even if the Court does not believe that unresolved questions of qualified immunity require or merit a discovery stay, the Court can still issue a stay upon a showing of good cause under Rule 26(c).  Fed. R. Civ. P 26(c).  For example, courts have been known to stay discovery when a "pending motion to dismiss would dispose of all or substantially all of the case, it 'appears to have substantial grounds,' and is 'not unfounded in the law[.]'" *Huff v. Canterbury Park Holding Corp.*, No. 22-CV-1922 (WMW/ECW), 2023 WL 5403472, at *2 (D. Minn. Aug. 22, 2023) (quoting *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-2795 (MJD/KMM), 2018 WL 2122869, at *1 (D. Minn. May 8, 2018)).  Here there exists more than sufficient cause to stay discovery.

When a court is tasked with resolving a motion to stay discovery pending its ruling on an upcoming a motion to dismiss, the court considers four factors: "(1) whether the movant has a shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequality to the moving party if the matter is not stayed; (3) prejudice to the non-moving party if the matter is stayed; and (4) the conservation of judicial resources." *Raimo v. Washington Univ. in St. Louis*, No. 4:20-CV-00634-SEP, 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021) (citing *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, No. 4:18cv01959 PLC, 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019)).  Additionally, the decision to stay discovery is "generally practical and left largely left to the court's discretion."  *Dufrene v. ConAgra Foods, Inc.*, No. 15-CV-3796 (WMW/LIB), 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016).

**A.      Defendants Have Demonstrated The Requisite Likelihood Of Success.**

In evaluating the likelihood of success on the merits, Defendants must only show "more than a *mere possibility* of success" on their motion; Defendants are *not* required to demonstrate a "greater than fifty percent probability" of success.  *Dixon v. Edward D. Jones & Co., L.P.*, 4:22-CV-00284-SEP, 2022 WL 4245423, at *2 (E.D. Mo. Sept. 15, 2022) (emphasis added) (citing *Physicians Home Health*, 2019 WL 4644021, at *3). Defendants easily meet this burden.

First, the Court has already dismissed, with prejudice, Plaintiffs Rud and Hausfeld's nearly identical claims in Counts I (mandamus), III (procedural due process), and IV (substantive due process).  MTD Order at 8-18.  The Court also dismissed Plaintiffs Rud and Hausfeld's damages claims, which Plaintiffs are now attempting to revive.  *Id.* at 8-19.  There is no reason to believe that essentially the same claims the Court previously dismissed should now survive on their merits as to Rud, Hausfeld, or the four new Plaintiffs—especially because the new Plaintiffs are substantively the same position as the Rud and Hausfeld.  The Court's previous order dismissing these three counts (with prejudice) demonstrates, in and of itself, that Defendants have more than a "mere possibility" of succeeding on their upcoming motion to dismiss those counts.  And the same is true as to Plaintiffs' new *individual*-capacity claims, particularly because the Court itself acknowledged that Defendants likely have a cognizable qualified immunity defense. *Id*. at n.5. (noting Plaintiffs that adding individual capacity claims "would likely raise qualified immunity concerns.").

**B.    Defendants Will Suffer Significant And Unnecessary Hardship If Discovery Is Not Stayed.**

Defendants would likely suffer significant hardships if discovery were not stayed in this matter. "[C]ourts disfavor the proliferation of litigation costs associated with potentially unnecessary litigation." *Dufrene*, 2016 WL 10651947, at \*4. Here, Defendants already incurred the cost and expense from moving to dismiss the claims in Plaintiffs' original complaint, which now Plaintiffs are attempting to resurrect in the FAC. And, absent a stay, Defendants will also suffer other significant, self-evident burdens and costs associated with responding to interrogatories, document requests, requests for admission, and whatever other discovery Plaintiffs may seek, relating to claims that are may be (and are likely to be) dismissed. Further, as explained above, the qualified immunity doctrine exists specifically to prevent government officials from being unnecessarily subjected to discovery; "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citation omitted); *see also White v. Smith*, No. 4:09CV3145, 2010 WL 3199866, at \*1 (D. Neb. Aug. 12, 2010) ("The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, including discovery") (citing *Harlow*, 457 U.S. at 817-18). As this Court recognized in *Mallak*, the general body of case law implies that, if discovery is not stayed prior to a determination on qualified immunity, government "officials will have [] lost one of the major benefits of qualified immunity." Order, *Mallak*, No. 13-CV-2119 (DWF/LIB) at n.6 (D. Minn. Oct. 14, 2015). Given the significant cost of discovery and Defendants' potential loss of one of the principal benefits of qualified immunity, this factor favors

granting the requested stay. *See, e.g., Triemert v. Washington Cty.*, No. 13 CV 1312 PJS/JSM, 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013), *aff'd*, 571 F. App'x 509 (8th Cir. 2014) ("dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery that is likely to be futile").

###### C.    Plaintiffs Will Not Suffer Prejudice If Discovery Is Stayed.

A discovery stay will cause Plaintiffs little to no prejudice. Discovery has barely begun in this case—the Court has not yet issued a scheduling order—so it is clear that Plaintiffs will have ample time to conduct discovery should this case proceed beyond the forthcoming motion to dismiss. *Huff v. Canterbury Park Holding Corp.*, No. 22-CV-1922 (WMW/ECW), 2023 WL 5403472, at *3 (D. Minn. Aug. 22, 2023) (finding "any potential prejudice to Plaintiff would be minimal" where a discovery stay is issued prior to a scheduling order). As such, this factor similarly weighs in favor of Defendants.

###### D.    The Conservation Of Judicial Economy Favors A Stay.

Finally, the conservation of judicial resources favors a discovery stay. Qualified immunity is a threshold issue; "the entitlement is an *immunity from suit* rather than a mere defense to liability." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citation omitted). Allowing discovery to begin before resolving qualified immunity defenses will thus undoubtedly lead to discovery disputes, in which the parties will fight over whether Defendants are entitled to immunity. The Court will then be forced to reach a decision on whether Defendants are entitled to qualified immunity. In other words, if the Court allows discovery, it will just delay the inevitable. As this Court previously recognized, this "could lead to the duplicative waste of judicial resources" and thus favors a stay. *Danger*,

9

No. 18-CV-567 (SRN/LIB), 2019 WL 4917181, at *5 (staying discovery where defendants brought a motion to dismiss on a similar threshold issue: Article III standing).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion and issue an order staying discovery pending the resolution of Defendants' upcoming motion to dismiss.

Dated:  November 21, 2023.

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

***s/ Aaron Winter***
AARON WINTER
Assistant Attorney General
Atty. Reg. No. 0390914

EMILY B. ANDERSON
Assistant Attorney General
Atty. Reg. No. 0399272

JACQUELINE CLAYTON
Assistant Attorney General
Atty. Reg. No. 0504082

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1453 (Voice)
aaron.winter@ag.state.mn.us
emily.anderson@ag.state.mn.us
jacqueline.clayton@ag.state.mn.us

ATTORNEYS FOR DEFENDANTS

|#5637542-v1