*Rud, et al.*
*vs.*
*Nancy Johnston, et al.*

U.S.D.C. No. 23-cv-486 (JRT/LIB)

Declaration Of Emily B. Anderson
In Opposition to Plaintiffs' Motion For
Preliminary Injunction And Evidentiary Hearing

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James John Rud, Brian Keith Hausfeld, Joshua Adam Gardner, Dwane David Peterson, Lynell Dupree Alexander, and Andrew Gary Mallan on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br><br>vs.<br><br>Nancy Johnston, Executive Director, Minnesota Sex Offender Program, and Jodi Harpstead, Department of Human Services Commissioner, *in their individual and official capacities,*<br><br>Defendants. | Court File No. 0:23-cv-00486-JRT-LIB<br><br><br>**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition examination of the Minnesota Department of Human Services ("DHS") by oral examination before a person authorized by law to administer oaths at the office of the Gustafson Gluek PLLC, Canadian Pacific Plaza, 120 South 6th Street, Suite 2600, Minneapolis, MN 55402, beginning at 9:30 a.m., on December 20, 2023, and thereafter by adjournment until the same shall be completed. The deposition will be recorded by stenographic means and will be recorded by video.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "DHS" refers to the Minnesota Department of Human Services and includes, without limitations, any offices and locations of DHS, as well as any of DHS's divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on their behalf.

2.      "Plaintiffs" refers to the Plaintiffs listed in the above-entitled action.

3.      "Defendants" refers to the named defendants in the above-entitled action.

4.      "MSOP" refers to the Minnesota Sex Offender Program.

5.      "Reduction in Custody" refers to transfer to Community Preparation Services ("CPS) or any other transfer to a less secure treatment facility or program.

6.      "Document" is to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34.

7.      "Policies and Procedures" means written or unwritten, public or nonpublic, policies and/or procedures relating to the operation of the MSOP.

Unless otherwise indicated, the relevant time for the matters designated below is January 1, 2010, to the present.

## MATTERS DESIGNATED FOR DEPOSITION TESTIMONY

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel must promptly meet and confer about these 30(b)(6) topics. We ask you to provide us dates for that meet and confer prior to December 8, 2023. if the date of the deposition

2

we noticed in inconvenient, we will endeavor to accommodate your scheduling issues as best we can.

To comply with this notice, the DHS is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify about information that is known or reasonably available to DHS concerning the following matters:

1.    The Policies and Procedures related to the transfer of individuals who have Commitment Appeal Panel ("CAP") orders for transfer to a Reduction in Custody.

2.    The identity of each individual who submitted a petition for Reduction in Custody within the time period, and for each individual, the following information:

      a.  The date of the Initial Petition for Reduction in Custody;

      b.  The date of the Special Review Board (SRB) hearing;

      c.  The date of the SRB decision;

      d.  The date of the CAP hearing;

      e.  The date of the CAP order;

      f.  The date DHS received the CAP order;

      g.  The date of the request for rehearing or reconsideration of the CAP orders, if any;

      h.  The date of the appeal of the CAP order, if any:

      i.  The date of the appellate decision, if any:

      j.  The date the CAP order became final and no longer appealable; and

      k.  The date of final resolution by the Minnesota courts.

3.      The date of the actual transfer (reduction in custody) for each of the individuals identified in Topic No. 2 and if not yet transferred, the number of calendar days that individual has been waiting for transfer after the CAP order became final and no longer appealable and that individual's placement on the waiting list, if any.

4.      All communications with individuals identified in Topic No. 2 after the date the CAP order became final and no longer appealable and the Policies and Procedures relating to communicating and/or providing notice to these individuals.

5.      All Policies and Procedures that relate to individuals identified in Topic No. 2 and such individuals' opportunities or avenues to object the timeliness with which their final CAP orders are implemented.

6.      The identity of any person(s) (including person(s) outside DHS or MSOP) who provided input or was involved in any decisions relating to not appealing or seeking any other form of relief from CAP orders.

7.      The identity of any person(s) (including person(s) outside DHS or MSOP) who made provided input or was involved in any decisions relating to not transferring individuals identified in Topic No. 2 to a Reduction in Custody within the fifteen-day automatic stay that applies to CAP orders.

8.      Whether CPS had adequate bed availability and staffing at CPS or at Moose Lake (in a CPS type setting) to accommodate each individual identified in Topic No. 2 when their CAP orders became final and no longer appealable.

9.      Any discussions about alternatives to not transferring individuals identified in Topic No. 2, including creating alternative sites or beds for CPS accommodations and

staffing and any person(s) who provided input or was involved in the discussions or decisions.

10.     The reasons, if any, that each of the individuals identified in Topic No. 2 could not be transferred within 15 days of their CAP orders becoming final and no longer appealable.

11.     What DHS considers to be a "reasonable" time, under *McDeid v. Johnston*, 984 N.W.2d 864 (Minn. 2023), to effectuate CPS orders that have become final and nonpeelable by transferring individuals with such orders to CPS when CPS is fully staffed and has available beds that are appropriate for such individuals.

12.     What DHS contends, now and in the past, that the law requires it to do with respect to CAP orders when MSOP and/or DHS lacks fully staffed and appropriate beds at the time a CAP order becomes final and no longer appealable.

13.     What actions have been taken, or efforts made to take such action, to provide the services and opportunities provided to individuals at CPS (i.e. less restrictions and/or preparations for provisional release) to individuals residing in non-CPS facilities awaiting transfer on CAP orders that have become final and non-appealable.

14.     The factual basis for any contention that DHS and/or MSOP did not have fully staffed and appropriate beds available at CPS during any time any individual identified in Topic 2 had a CAP order that had become final and no longer appealable.

Dated: December 5, 2023

**GUSTAFSON GLUEK PLLC**

*/s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
Joseph E. Nelson (#402378)
Matt Jacobs (#403465)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
tstabuer@gustafsongluek.com
jnelson@gustafsongluek.com

**FREMSTAD LAW**
Hannah L. Scheidecker (#0401987)
3003 32nd Ave. S., Ste. 240
Fargo, ND 58103
(701) 478-7620
hannah@fremstadlaw.com

***Attorneys for Plaintiffs and the Proposed Classes***

*Rud, et al.*
*vs.*
*Nancy Johnston, et al.*

U.S.D.C. No. 23-cv-486 (JRT/LIB)

DECLARATION OF EMILY B. ANDERSON
IN OPPOSITION TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION AND EVIDENTIARY HEARING

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James John Rud, Brian Keith Hausfeld, Joshua Adam Gardner, Dwane David Peterson, Lynell Dupree Alexander, and Andrew Gary Mallan on behalf of themselves and all others similarly situated,<br><br><br>Plaintiffs,<br><br>v.<br><br>Nancy Johnston, Executive Director, Minnesota Sex Offender Program, and Jodi Harpstead, Department of Human Services Commissioner, *in their individual and official capacities,*<br><br>Defendants. | Court File No. 0:23-cv-00486-JRT-LIB<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

**TO:   DEFENDANTS, THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rule 33 of the Federal Rules of Civil

Procedure, Plaintiffs request that, within thirty (30) days, Defendants answer the

following interrogatories to the offices of Gustafson Gluek PLLC, Canadian Pacific

Plaza, 120 South 6th Street, Suite 2600, Minneapolis, Minnesota 55402.

These Interrogatories are deemed to be continuing. Should Defendants obtain any

other information that would supplement or modify the information supplied in response

to these Requests, Defendants are directed, pursuant to Rule 26(e) of the Federal Rules of

1

Civil Procedure, to give timely notice of such information and to furnish the additional information to Plaintiffs as soon as practicable.

## DEFINITIONS

1.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; and "any" as used herein means "each and every" as well as "any one."

2.      A "document"—including its plural form "documents"—means anything which may be considered a tangible thing, including but not limited to any written, printed, typewritten, handwritten, recorded, or other graphic matter or computer generated or stored information, whether produced in hard copy or other tangible medium or presently stored within the memory of a computer or other storage device (*e.g.*, compact discs, digital versatile discs, flash drives, floppy disks, hard disks, magnetic stripe cards, micro-fiche, microfilms, optical discs, tapes, etc.) now or at any time in Defendants' possession, custody, or control.  The definition of "document" also includes, but is not limited to, any personnel records, address records, telephone records, manufacturing records, schematics, blueprints, complaint records, calendars, computer printouts, computer programs, files, transcripts, cables, correspondence, memoranda, electronic mail transmissions (*i.e.*, e-mail or email), short message service text messages, electronic chat transcripts, facsimiles, letters, telegraphs, telexes, agreements, contracts, memoranda of understandings, accounting books, accounting records, appraisals, books of accounts, financial forecasts, financial projections financial statements, journals, journal entries, ledgers, ledger entries, photographs, lists, databases, spreadsheets, daybooks, diaries, jottings, minutes, notebooks,

2

notes or any other fixed thought or idea, work papers, books, bulletins, guides, guidelines, magazines, manuals, newsletters, newspapers, policies, publications, and all preliminary versions and drafts, revisions of, or notations on any of the foregoing, including all non-identical copies and drafts of any of the foregoing, and all summaries, analyses, or reports relating or referring, in whole or in part, to any of the foregoing.

3.      The term "communications" means the transmittal of any information by any means in the form of facts, ideas, opinions, thoughts, inquiries or otherwise.

4.      The words "you" and "your" refer to each Defendant in receipt of these requests or any attorney or agent performing the services referred to herein or acting on its behalf.  "You" and "your" also includes all instrumentalities of the State and all its political subdivisions, government entities, officers in their official capacity, governmental units, agencies, authorities, boards, and commissions.

5.      The term "concerning" means relating to, referring to, describing, establishing, demonstrating, evidencing, constituting, or any combination of these.

6.      "Person" means any natural person acting in any capacity or any entity or organization, including divisions, departments and other units therein, and including, but not limited to, a public or private corporation, partnership, association, joint venture, committee, proprietorship, trust, estate, or any government or governmental body, including, but not limited to, any commission, board, bureau, or agency.

7.      "Relating to" or "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning,

pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

8.       "Including" means "including but not limited to" and "including without limitation."

9.       The word "correspondence" includes any cables, correspondence, memoranda, electronic mail transmissions (*i.e.*, e-mail or email), short message service text messages, electronic chat transcripts, facsimiles, letters, telegraphs, and telexes, and all preliminary versions and drafts, revisions of or notations on any of the foregoing, including all non-identical drafts of any of the foregoing, and all summaries, analyses or reports relating or referring, in whole or in part, to any of the foregoing.

10.      The term "DHS" refers to the Minnesota Department of Human Services and includes, without limitations, any offices and locations of DHS, as well as any of DHS's divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on their behalf.

11.      "Plaintiffs" refers to the Plaintiffs listed in the above-entitled action.

12.      "Defendants" refers to the named defendants in the above-entitled action.

13.      "MSOP" refers to the Minnesota Sex Offender Program.

14.      "Patient" refers to any individual committed to the custody of the MSOP.

15.      "Reduction in Custody" refers to transfer to Community Preparation Services ("CPS) or any other transfer to a less secure treatment facility or program.

16.     "Final CAP Order" refers to an order from the Commitment Appeal Panel ("CAP") ordering the transfer of a Patient to a Reduction in Custody that is no longer appealable.

17.     All other words or terms should either be given and interpreted according to their common and typical meanings and usage.

## INSTRUCTIONS

1.     Any Interrogatory that inquires about the knowledge, conduct, activities, or materials possessed by any Defendant will be taken to include the knowledge, conduct, activities, or materials possessed by that Defendant's present or former officers, investigators, accountants, attorneys, directors, members, managers, partners, employees, and other agents of that Defendant.  Similarly, references to "personnel" of that Defendant will include that Defendant's present or former investigators, accountants, attorneys, directors, officers, members, managers, partners, employees, and other agents of that Defendant.

2.     Whenever in these Interrogatories there is a request to "identify" a communication or conversation, the answering party shall: (1) state the date and place of such communication or conversation; (2) identify each person who was present at, involved in, or who participated in such communication or conversation; (3) identify the type of communication or conversation (e.g., letter, telegram, conference, meeting, telephone conversation); (4) state the substance of such communication or conversation; and (5) identify each document constituting or referring to such communication or conversation.

3.     Whenever in these Interrogatories there is a request to "identify" or "set forth" information about an individual, the answering party shall state with respect to such individual: (1) the individual's name; (2) the individual's business or home address; (3) the individual's business and home telephone number; (4) the individual's present or last known employer and present and/or last known position; and (5) all positions the individual has held with the answering party (including the dates each period of employment commenced and terminated, and a brief description of the responsibility of such position).

4.     Whenever in these Interrogatories there is a request to "identify" a document, the answering party shall set forth: (1) the individuals who prepared or assisted in preparing the document; (2) the individuals who reviewed or approved the document; (3) the addressees and all other persons receiving a copy of the document; (4) the document's date; (5) its present location; (6) its present custodian; (7) the type of document (e.g., letter, memorandum, tape recording, CD, or other form of document); and (8) a summary of the contents of the document.  Alternatively, whenever in these interrogatories there is a request to "identify" a document, the answering party may produce the documents to Plaintiff in lieu of identifying the document as required by this instruction if: (1) the answering party clearly indicates the interrogatory to which the document is responsive at the time the document is produced to Plaintiff; and (2) the answering party clearly indicates in its answer to any such interrogatory that the document or documents will be produced to Plaintiff in lieu of being separately identified in the response.

5.     If you assert or claim any form of privilege as a ground for not responding to an interrogatory or any part of an interrogatory, in whole or in part, whether based on statute

6

or otherwise founded, enumerate in complete detail, each fact upon which the asserted or claimed privilege is based, including what specific privilege is being asserted or claimed and the basis for asserting or claiming that privilege.

6.      If you assert or claim any form of privilege as a ground for not describing requested oral communications or documents, whether based on statute or otherwise founded, provide a complete privilege log and state the following:  (a) date, (b) type (*e.g.*, letter, memorandum, manual, etc.), (c) author, (d) identity of the addressee and all recipients, (e), the identity of all other persons who received copies, or were otherwise permitted to see all or part of the original or any copy thereof, (f) a description of each subject matter discussed, described, or referred to therein, (g) the identity of the present custodian, (h) the specific reason for your claim or assertion of privilege or other objection, and (i) each fact or basis upon which you claim or assert the privilege.

7.      Where an Interrogatory asks that a date, an amount, or any other specific information be provided or described, your best approximation of the information requested, and the basis upon which your approximation is founded, is to be given if the precise information required is unknown to you.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Identify of each Patient who received a Final CAP Order and, for each Patient and to the extent applicable, identify the following:

   a.  The date of the Patient's petition for transfer;

   b.  The date of the Special Review Board (SRB) hearing;

    c.  The date of the SRB decision;

    d.  The date of the CAP hearing;

    e.  The date of the CAP order;

    f.  The date DHS received the CAP order;

    g.  The date of the request for rehearing or reconsideration of the CAP orders, if any;

    h.  The date of the appeal of the CAP order, if any:

    i.  The date of the appellate decision, if any:

    j.  The date the CAP order became final and no longer appealable; and

    k.  The date of final resolution by the Minnesota courts.

## INTERROGATORY NO. 2:

Identify the range of days (the shortest to the longest) and the average number of days between a Patient's receipt of a Final CAP Order and that Patient's transfer to a Reduction in Custody.

## INTERROGATORY NO. 3:

Describe all actions that have been taken, attempted, and/or considered, to provide any treatment, services, or opportunities to individuals with Final CAP Orders awaiting transfer (at their current location) to a Reduction in Custody that are not ordinarily provided to Patients without Final CAP Orders.

**INTERROGATORY NO. 4:**

Describe all actions that have been taken, attempted, and/or considered to increase the number of beds or level of staffing at CPS, or otherwise increase MSOP's ability to transfer Patients with Final CAP Orders to a Reduction in Custody.

**INTERROGATORY NO. 5:**

Identify and describe the role of any individual within MSOP who has any authority or discretion or decision making  to effectuate or influence the transfer of Patients with Final CAP Orders to a Reduction in Custody.

**INTERROGATORY NO. 6:**

Describe any policies, procedures, or practices at DHS and MSOP relating to the receipt and handling of Final CAP Orders and the monitoring or tracking of Patients who have received Final CAP Orders and have not been transferred to a Reduction in Custody.

Dated: December 13, 2023

**GUSTAFSON GLUEK PLLC**

*/s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
Joseph E. Nelson (#402378)
Matt Jacobs (#403465)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
tstabuer@gustafsongluek.com
jnelson@gustafsongluek.com

**FREMSTAD LAW**
Hannah L. Scheidecker (#0401987)
3003 32nd Ave. S., Ste. 240
Fargo, ND 58103
(701) 478-7620
hannah@fremstadlaw.com

***Attorneys for Plaintiffs and the Proposed Classes***

10

*Rud, et al.*
*vs.*
*Nancy Johnston, et al.*

U.S.D.C. No. 23-cv-486 (JRT/LIB)

DECLARATION OF EMILY B. ANDERSON
IN OPPOSITION TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION AND EVIDENTIARY HEARING

# EXHIBIT 3

| | |
|---|---|
| **From:** | Emily Anderson |
| **To:** | Dan Gustafson; Aaron Winter |
| **Cc:** | Joe Nelson; Matt Jacobs; Karla Gluek; Jacqueline Clayton |
| **Subject:** | RE: Rud v. Harpstead |
| **Date:** | Thursday, January 18, 2024 10:21:00 AM |

Hi Dan,

Can you provide more detail on what you're looking for, so we can determine whether there's a material factual dispute?

With respect to the "lack of process" topic you indicate below, Defendants' position is in the record: contempt is process that Defendants believe is available, and there's plenty of evidence in the record about CAP contempt hearings from your declaration and publicly available judicial records. As to whether existing process is constitutionally "adequate," that's a legal determination, not a factual question that Ms. Johnston or anyone else could testify about. What other facts are you looking for on the question of process? That may help us determine if we can provide you something in a declaration that would answer the question you have.

As to the "lack of changes" topic, Ms. Johnston has previously testified about that (Doc. 29, pars. 7-28). Are you looking to confirm any updates to that history in the intervening months? Or is there some other specific information you're looking for?

Similarly, Ms. Hebert testified about how treatment phases are determined and treatment phase's interaction with CPS (Doc. 31, pars. 8-11). What additional information are you looking to get about "lack of treatment progress that would have occurred?"

We're open to working with Plaintiffs on making a clear record on facts that aren't disputed, but since all the information you're apparently seeking is from our client, we're having trouble seeing how additional facts Defendants can provide could be material or disputed such that an evidentiary hearing would be necessary.

Thanks,

**Emily B. Anderson** *(she/her)*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street | St. Paul, MN | 55101
Office Phone:  (651) 757-1374
Cell: (651) 583-7395
Emily.Anderson@ag.state.mn.us

**From:** Dan Gustafson <DGustafson@gustafsongluek.com>
**Sent:** Wednesday, January 17, 2024 1:37 PM
**To:** Emily Anderson <Emily.Anderson@ag.state.mn.us>; Aaron Winter
<Aaron.Winter@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla

Gluek <kgluek@gustafsongluek.com>; Jacqueline Clayton <Jacqueline.Clayton@ag.state.mn.us>
**Subject:** RE: Rud v. Harpstead

Emily

Thinking a bit more about this, I would also need testimony from Ms.
Johnston about the lack of process, the lack of changes that could have
been made a msop and the lack of treatment progress that would have
occurred, so I don't think we will be able to agree on a declaration
unless we can add those topics as well
Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Office Phone: (612) 333-8844
Cell Phone:     (612) 850-2288

website | vCard  | map

*committed to the protection of fair competition ...*

**From:** Emily Anderson <Emily.Anderson@ag.state.mn.us>
**Sent:** Wednesday, January 17, 2024 1:21 PM
**To:** Dan Gustafson <DGustafson@gustafsongluek.com>; Aaron Winter
<Aaron.Winter@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla
Gluek <kgluek@gustafsongluek.com>; Jacqueline Clayton <Jacqueline.Clayton@ag.state.mn.us>
**Subject:** RE: Rud v. Harpstead

Hi Dan,

If what you're looking for is just evidence of how long it takes MSOP to transfer a person from the
secure perimeter to CPS once a staffed bed at CPS becomes available, Defendants are happy to put
in a declaration stating that information. (I don't know what the answer to that question is, but for
example: "Once MSOP determines there is adequate staffing and bedspace at CPS to house a new
client, it typically takes no more than [NUMBER] days to transfer a client from the facility at Moose
Lake to CPS or [NUMBER] days from the secure perimeter at St. Peter to CPS.") Combined with the
previous declarations that explain what the "staffed bed" constraints mean (at ECF 29 & ECF 31), I
think that would answer the issue you identify.

If that's true, we don't see the need for an evidentiary hearing, especially since you've indicated Plaintiffs' theory on Count II hasn't changed and Judge Tunheim has already granted a PI based on the record available to him. Please let us know if you agree.

Thanks,

**Emily B. Anderson** *(she/her)*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street | St. Paul, MN | 55101
Office Phone:  (651) 757-1374
Cell: (651) 583-7395
Emily.Anderson@ag.state.mn.us

---

**From:** Dan Gustafson <DGustafson@gustafsongluek.com>
**Sent:** Tuesday, January 16, 2024 12:01 PM
**To:** Emily Anderson <Emily.Anderson@ag.state.mn.us>; Aaron Winter <Aaron.Winter@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla Gluek <kgluek@gustafsongluek.com>
**Subject:** RE: Rud v. Harpstead

Thanks Emily

See my ALL CAPS BELOW

We agree the hearings should be together

I think only Nancy Johnston as a witness (assuming we can agree on court orders from CAP) and maybe Commissioner although I don't think so now

I think 90 minutes tops

Thanks Emily

Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza

120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Office Phone: (612) 333-8844
Cell Phone:    (612) 850-2288

website | vCard  | map

*committed to the protection of fair competition ...*

---

**From:** Emily Anderson <Emily.Anderson@ag.state.mn.us>
**Sent:** Tuesday, January 16, 2024 11:11 AM
**To:** Dan Gustafson <DGustafson@gustafsongluek.com>; Aaron Winter
<Aaron.Winter@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla
Gluek <kgluek@gustafsongluek.com>
**Subject:** RE: Rud v. Harpstead

Hi Dan,

Our understanding, based on Judge Tunheim's deputy's prior email on the MTD hearing, is that the
Court would reach out with available hearing dates once they had them. If you'd like to reach out
earlier to get those hearing dates, we don't have any problem with that, but our plan was to wait for
Judge Tunheim to schedule. And of course, we don't have any issue with theoretically holding
hearings on both motions on the same day if that's what you're asking.

With respect to the evidentiary hearing, none of us recall discussing that sort of hearing on our meet
and confer about your motion, so we have several questions. First, what do Plaintiffs see as the
purpose of an evidentiary hearing? TO PUT IN EVIDENCE OF DELAY ON TRANSFER UNLESS YOU
WANT TO STIPULATE THAT IF SPACE WAS AVAILABLE – YOU WOULD TRANSFER IN A WEEK FOR
EXAMPLE Given that Plaintiffs' position has been that no discovery is necessary for Judge Tunheim to
grant PIs in this case (and, obviously, Judge Tunheim agreed previously), and given that discovery is
currently stayed by Judge Brisbois, Defendants don't see what utility an evidentiary proceeding
would have. BECAUSE THERE IS NO DISCOVERY WE NEED CERTAIN RECORD EVIDENCE.  THAT YOU
DID NOT TRANSFER BECAUSE NO BEDS FOR EXAMPLE

Second, logistically, what do Plaintiffs envision for this evidentiary hearing? What witnesses do
Plaintiffs plan to call? What do Plaintiffs anticipate the scope of those witnesses' testimony will be?
Obviously the answers to these questions matter with respect to scheduling such a hearing.  NANCY
JOHNSTON IS ONLY ONE I SEE NOW EXCEPT MAYBE COMMISSIONER?

DAN

Thanks,

**Emily B. Anderson** *(she/her)*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street | St. Paul, MN | 55101
Office Phone:  (651) 757-1374
Cell: (651) 583-7395
Emily.Anderson@ag.state.mn.us

---

**From:** Dan Gustafson <DGustafson@gustafsongluek.com>
**Sent:** Tuesday, January 16, 2024 10:34 AM
**To:** Aaron Winter <Aaron.Winter@ag.state.mn.us>; Emily Anderson
<Emily.Anderson@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla
Gluek <kgluek@gustafsongluek.com>
**Subject:** RE: Rud v. Harpstead

Emily and Aaron

Hope you had a nice holiday weekend

Can you let me know your position on this hearing?

Thanks

Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Office Phone: (612) 333-8844
Cell Phone:    (612) 850-2288

website | vCard  | map

---

*committed to the protection of fair competition ...*

---

**From:** Dan Gustafson
**Sent:** Friday, January 12, 2024 3:19 PM
**To:** Aaron Winter <Aaron.Winter@ag.state.mn.us>; Emily Anderson
<Emily.Anderson@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla

Gluek <kgluek@gustafsongluek.com>
**Subject:** Rud v. Harpstead

Emily and Aaron

We have fully briefed the motion to dismiss and await your response to our motion for PI and evidentiary hearing.  I am fine with submitting my reply by January

I plan to reach out to Judge Tunheim's chambers and seek a late January, early February date for evidentiary hearing and motion to dismiss argument.

I request that you join me in that request and if not, please let me know your response so I can advise the Court.

Please let me know.

Have a nice weekend and stay safe.

Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Office Phone: (612) 333-8844
Cell Phone:     (612) 850-2288

website | vCard  | map
_____

*committed to the protection of fair competition ...*


Office of the Minnesota Attorney General Disclaimer: This e-mail is intended to be read only by the intended recipient. This e-mail may be legally privileged or protected from disclosure by law. If you are not the intended recipient, any dissemination of this e-mail or any attachments is strictly prohibited, and you should refrain from reading this e-mail or examining any attachments. If you received this e-mail in error, please notify the sender immediately and delete this e-mail and any attachments. Thank you.

Office of the Minnesota Attorney General Disclaimer: This e-mail is intended to be read only by the intended recipient. This e-mail may be legally privileged or protected from disclosure by law. If you are not the intended recipient, any dissemination of this e-mail or any attachments is strictly prohibited, and you should refrain from reading this e-mail or examining any attachments. If you received this e-mail in error, please notify the sender immediately and delete this e-mail and any attachments. Thank you.

*Rud, et al.*
*vs.*
*Nancy Johnston, et al.*

U.S.D.C. No. 23-cv-486 (JRT/LIB)

DECLARATION OF EMILY B. ANDERSON
IN OPPOSITION TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION AND EVIDENTIARY HEARING

# EXHIBIT 4

| | |
|---|---|
| **From:** | Dan Gustafson |
| **To:** | Emily Anderson; Aaron Winter |
| **Cc:** | Joe Nelson; Matt Jacobs; Karla Gluek; Jacqueline Clayton |
| **Subject:** | RE: Rud v. Harpstead |
| **Date:** | Wednesday, January 17, 2024 1:25:33 PM |

I would also need a statement (by someone that binds the state) that if a bed were available, a person would be transferred within a week (or whatever it is)

Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Office Phone: (612) 333-8844
Cell Phone:    (612) 850-2288

website | vCard  | map

*committed to the protection of fair competition ...*

**From:** Emily Anderson <Emily.Anderson@ag.state.mn.us>
**Sent:** Wednesday, January 17, 2024 1:21 PM
**To:** Dan Gustafson <DGustafson@gustafsongluek.com>; Aaron Winter
<Aaron.Winter@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla
Gluek <kgluek@gustafsongluek.com>; Jacqueline Clayton <Jacqueline.Clayton@ag.state.mn.us>
**Subject:** RE: Rud v. Harpstead

Hi Dan,

If what you're looking for is just evidence of how long it takes MSOP to transfer a person from the secure perimeter to CPS once a staffed bed at CPS becomes available, Defendants are happy to put in a declaration stating that information. (I don't know what the answer to that question is, but for example: "Once MSOP determines there is adequate staffing and bedspace at CPS to house a new client, it typically takes no more than [NUMBER] days to transfer a client from the facility at Moose Lake to CPS or [NUMBER] days from the secure perimeter at St. Peter to CPS.") Combined with the previous declarations that explain what the "staffed bed" constraints mean (at ECF 29 & ECF 31), I think that would answer the issue you identify.

If that's true, we don't see the need for an evidentiary hearing, especially since you've indicated Plaintiffs' theory on Count II hasn't changed and Judge Tunheim has already granted a PI based on the record available to him. Please let us know if you agree.

Thanks,

**Emily B. Anderson** *(she/her)*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street | St. Paul, MN | 55101
Office Phone:  (651) 757-1374
Cell: (651) 583-7395
Emily.Anderson@ag.state.mn.us

---

**From:** Dan Gustafson <DGustafson@gustafsongluek.com>
**Sent:** Tuesday, January 16, 2024 12:01 PM
**To:** Emily Anderson <Emily.Anderson@ag.state.mn.us>; Aaron Winter <Aaron.Winter@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla Gluek <kgluek@gustafsongluek.com>
**Subject:** RE: Rud v. Harpstead

Thanks Emily

See my ALL CAPS BELOW

We agree the hearings should be together

I think only Nancy Johnston as a witness (assuming we can agree on court orders from CAP) and maybe Commissioner although I don't think so now

I think 90 minutes tops

Thanks Emily

Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Office Phone: (612) 333-8844
Cell Phone:    (612) 850-2288

website | vCard  | map

*committed to the protection of fair competition ...*

---

**From:** Emily Anderson <Emily.Anderson@ag.state.mn.us>
**Sent:** Tuesday, January 16, 2024 11:11 AM
**To:** Dan Gustafson <DGustafson@gustafsongluek.com>; Aaron Winter
<Aaron.Winter@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla
Gluek <kgluek@gustafsongluek.com>
**Subject:** RE: Rud v. Harpstead

Hi Dan,

Our understanding, based on Judge Tunheim's deputy's prior email on the MTD hearing, is that the
Court would reach out with available hearing dates once they had them. If you'd like to reach out
earlier to get those hearing dates, we don't have any problem with that, but our plan was to wait for
Judge Tunheim to schedule. And of course, we don't have any issue with theoretically holding
hearings on both motions on the same day if that's what you're asking.

With respect to the evidentiary hearing, none of us recall discussing that sort of hearing on our meet
and confer about your motion, so we have several questions. First, what do Plaintiffs see as the
purpose of an evidentiary hearing? TO PUT IN EVIDENCE OF DELAY ON TRANSFER UNLESS YOU
WANT TO STIPULATE THAT IF SPACE WAS AVAILABLE – YOU WOULD TRANSFER IN A WEEK FOR
EXAMPLE Given that Plaintiffs' position has been that no discovery is necessary for Judge Tunheim to
grant PIs in this case (and, obviously, Judge Tunheim agreed previously), and given that discovery is
currently stayed by Judge Brisbois, Defendants don't see what utility an evidentiary proceeding
would have. BECAUSE THERE IS NO DISCOVERY WE NEED CERTAIN RECORD EVIDENCE.  THAT YOU
DID NOT TRANSFER BECAUSE NO BEDS FOR EXAMPLE

Second, logistically, what do Plaintiffs envision for this evidentiary hearing? What witnesses do
Plaintiffs plan to call? What do Plaintiffs anticipate the scope of those witnesses' testimony will be?
Obviously the answers to these questions matter with respect to scheduling such a hearing.  NANCY
JOHNSTON IS ONLY ONE I SEE NOW EXCEPT MAYBE COMMISSIONER?

DAN

Thanks,

**Emily B. Anderson** *(she/her)*
Assistant Attorney General

Office of the Minnesota Attorney General
445 Minnesota Street | St. Paul, MN | 55101
Office Phone:  (651) 757-1374
Cell: (651) 583-7395
Emily.Anderson@ag.state.mn.us

---

**From:** Dan Gustafson <DGustafson@gustafsongluek.com>
**Sent:** Tuesday, January 16, 2024 10:34 AM
**To:** Aaron Winter <Aaron.Winter@ag.state.mn.us>; Emily Anderson
<Emily.Anderson@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla
Gluek <kgluek@gustafsongluek.com>
**Subject:** RE: Rud v. Harpstead

Emily and Aaron

Hope you had a nice holiday weekend

Can you let me know your position on this hearing?

Thanks

Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Office Phone: (612) 333-8844
Cell Phone:      (612) 850-2288

website | vCard  | map

*committed to the protection of fair competition ...*

---

**From:** Dan Gustafson
**Sent:** Friday, January 12, 2024 3:19 PM
**To:** Aaron Winter <Aaron.Winter@ag.state.mn.us>; Emily Anderson
<Emily.Anderson@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla
Gluek <kgluek@gustafsongluek.com>

**Subject:** Rud v. Harpstead

Emily and Aaron

We have fully briefed the motion to dismiss and await your response to our motion for PI and evidentiary hearing.  I am fine with submitting my reply by January

I plan to reach out to Judge Tunheim's chambers and seek a late January, early February date for evidentiary hearing and motion to dismiss argument.

I request that you join me in that request and if not, please let me know your response so I can advise the Court.

Please let me know.

Have a nice weekend and stay safe.

Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Office Phone: (612) 333-8844
Cell Phone:    (612) 850-2288

website | vCard  | map
_____
*committed to the protection of fair competition ...*

Office of the Minnesota Attorney General Disclaimer: This e-mail is intended to be read only by the intended recipient. This e-mail may be legally privileged or protected from disclosure by law. If you are not the intended recipient, any dissemination of this e-mail or any attachments is strictly prohibited, and you should refrain from reading this e-mail or examining any attachments. If you received this e-mail in error, please notify the sender immediately and delete this e-mail and any attachments. Thank you.
Office of the Minnesota Attorney General Disclaimer: This e-mail is intended to be read only by the

intended recipient. This e-mail may be legally privileged or protected from disclosure by law. If you are not the intended recipient, any dissemination of this e-mail or any attachments is strictly prohibited, and you should refrain from reading this e-mail or examining any attachments. If you received this e-mail in error, please notify the sender immediately and delete this e-mail and any attachments. Thank you.

*Rud, et al.*
*vs.*
*Nancy Johnston, et al.*

U.S.D.C. No. 23-cv-486 (JRT/LIB)

DECLARATION OF EMILY B. ANDERSON
IN OPPOSITION TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION AND EVIDENTIARY HEARING

# EXHIBIT 5

| From: | Dan Gustafson |
|---|---|
| To: | Emily Anderson; Aaron Winter |
| Cc: | Joe Nelson; Matt Jacobs; Karla Gluek; Jacqueline Clayton |
| Subject: | RE: Rud v. Harpstead |
| Date: | Monday, January 22, 2024 4:07:49 PM |

## Emily and all

I suspect that we will not reach agreement in any event so you should put in your opposition Wednesday as you see fit and we will file our response.
But see my comments below

Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Office Phone: (612) 333-8844
Cell Phone:    (612) 850-2288

website | vCard  | map

*committed to the protection of fair competition ...*

---

**From:** Emily Anderson <Emily.Anderson@ag.state.mn.us>
**Sent:** Monday, January 22, 2024 3:53 PM
**To:** Dan Gustafson <DGustafson@gustafsongluek.com>; Aaron Winter <Aaron.Winter@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla Gluek <kgluek@gustafsongluek.com>; Jacqueline Clayton <Jacqueline.Clayton@ag.state.mn.us>
**Subject:** RE: Rud v. Harpstead

Dan,

You did not address what Plaintiffs meant by their comment that they were considering moving for a TRO. Can you please clarify what you're looking for from Defendants on this issue? We are not looking for anything from Defendants on this issue.  We want an earlier hearing which I suppose you could support but not asking for that.

With respect to the information Plaintiffs now seek for the injunction, the parties have previously

discussed the scope of the evidentiary hearing based on Plaintiffs request in the PI motion (ECF No. 104 at 7) – specifically,  issue #1 below - which Defendants have already agreed to provide testimony on, though again, we still need to confirm the timeline and don't know right now whether "within a week" is accurate.  Let me know when you can say on that

Topics #2-5 are new after your motion, so it is unclear how Ms. Johnston's testimony on these new topics is material to the resolution of the preliminary injunction motion. In addition, Ms. Johnston has previously provided testimony about some of these topics (though inconsistent with the formulation you've presented, which presents another problem with her swearing to those statements: they aren't accurate). How are they inaccurate? Can you please explain how these new topics are relevant to your motion and how they are materially different than what has already been presented to the Court? The other topics go to whether MSOP could have mitigated the damage by taking steps to avoid the "no beds in CPS; st peter"

As you know, Defendants' response is due Wednesday, so we'll likely submit our position to the Court as it stands. But we think it's important to continue this discussion to see if we can narrow what material facts are in dispute prior to a potential hearing. Yes I agree

Thanks!

**Emily B. Anderson** *(she/her)*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street | St. Paul, MN | 55101
Office Phone:  (651) 757-1374
Cell: (651) 583-7395
Emily.Anderson@ag.state.mn.us

---

**From:** Dan Gustafson <DGustafson@gustafsongluek.com>
**Sent:** Monday, January 22, 2024 9:22 AM
**To:** Emily Anderson <Emily.Anderson@ag.state.mn.us>; Aaron Winter <Aaron.Winter@ag.state.mn.us>
**Cc:** Joe Nelson <jnelson@gustafsongluek.com>; Matt Jacobs <mjacobs@gustafsongluek.com>; Karla Gluek <kgluek@gustafsongluek.com>; Jacqueline Clayton <Jacqueline.Clayton@ag.state.mn.us>
**Subject:** RE: Rud v. Harpstead

Emily

If you all put in a declaration from Nancy Johnston in your opposition that says

1. If we have a staffed bed available, transfer to CPS can occur within a week from CAP order becoming final.
2. MSOP does not have a process by which patients can challenge

a decision not to transfer them to CPS within a week of CAP order becoming final

3. MSOP has not taken any steps with CAP to have final orders stayed because of a lack of staffed beds.
4. MSOP has not taken any steps at Moose Lake to create a CPS facility there to mitigate the lack of beds at CPS St. Peter.
5. MSOP has available space that could be used to create another CPS program at Moose lake facility

I will likely agree to have the injunction ruled on the papers

Stay safe

Dan

**Daniel E. Gustafson** (profile)
**(He/Him/His)**
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Office Phone: (612) 333-8844
Cell Phone:    (612) 850-2288

website | vCard  | map

*committed to the protection of fair competition ...*