UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James John Rud, et al., | Civil Case No. 23-cv-486 (JRT-LIB) |
| Plaintiffs, | |
| vs. | **PROTECTIVE ORDER** |
| Nancy Johnston, et al., | |
| Defendants. | |

Upon consideration of the parties' Stipulation for Protective Order [Docket No. 120], as slightly modified by the Court pursuant to its inherent authority to manage the cases that are pending before the Court,

**IT IS HEREBY ORDERED THAT**:

1       **Definitions.**  As used in this protective order:

   (a)   "attorney" means an attorney who has appeared in this action;

   (b)   "confidential document" means a document designated as confidential under this protective order;

   (c)   to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

   (d)   "document" means information disclosed or produced in discovery, including at a deposition;

1

(e) "notice" or "notify" means written notice;

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

**2**   **Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information. "Confidential" data may include, but is not limited to, information classified as "private data on individuals," "not public," or "confidential" by the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. Ch. 13; information that constitutes a "health record" under the Minnesota Health Records Act, Minn. Stat. § 144.291, *et seq.* ("MHRA"); information classified as "protected health information" under the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191, 45 C.F.R. Parts 160, 162, and 164 ("HIPAA"); and other data subject to applicable state and federal statutes, rules, and regulations affecting the collection, storage, use or dissemination of private or confidential information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by notifying the parties and those who were present at the deposition, within 30 days after receiving a copy of the transcript. Unless otherwise agreed, depositions shall be treated as confidential during the 30-day period following receipt of the transcript.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3     Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party (subject to paragraph 3(c)); and

(6) any person who:

(A) is retained to assist a party or attorney with this action; and

    (B) signs the Written Assurance attached as Exhibit A to this document.

(c) A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

(e) For data designated as confidential by Defendants, the Minnesota Department of Human Services and its employees shall be allowed to use, disclose, or refer to confidential data in its normal course of business and as permitted by law.

4 **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5 **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6 **Use of a Confidential Document in Court.**  If a party files documents with the Court containing information designated as protected pursuant to the terms of this Protective Order, the filings must be in compliance with the Electronic Case Filing Procedures for the

District of Minnesota. The parties are advised that designation by a party of a document as protected pursuant to the terms of this Order **cannot** be used as the sole basis for filing the document under seal in connection with either a nondispositive motion, dispositive motion, trial related motion, or trial. Only those documents and portions of a party's submission, or any part thereof, which otherwise meets requirements for protection from public filing under Federal Rule 26(c) (or in addition, but not limited to, under a statute, rule or regulation prohibiting public disclosure, other specific Order of the Court, or other legal authority) shall be filed under seal. If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of this Order, then that filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should seek to require the protected document to be filed under seal. **The filing of documents under seal must comply with Rule 5.6 of the Local Rules of the United States District Court for the District of Minnesota.** Further, any party intending to file a document under seal shall specifically review each document and the information therein to determine whether or not there is a good faith basis to believe that any privacy interest therein for sealing the document will ultimately outweigh the public's right to access filings on the Court's docket; only documents that meet this good faith basis should be considered for filing under seal so as to limit the unnecessary and problematic filing of excessive documents under seal.

7  **Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8   Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

    (1) return or destroy all confidential documents; and

    (2) notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

(b)  Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court. In addition, attorneys for Defendants may retain any confidential document necessary to comply with Minnesota Statutes section 15.17. The parties may retain, and need not destroy, any and all documents the party itself produces in this action.

9  **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)  Notice.

(1)  Pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and applicable law, if information produced in discovery is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. Federal Rule of Evidence 502(b) shall apply to any inadvertent disclosure of document(s) subject to a claimed privilege. The disclosure of any document(s)

subject to a claimed privilege does not operate as a waiver of the privilege under any circumstances as to any other document(s) subject to a claimed privilege.

**10**   **Security Precautions and Data Breaches.**

(a)   Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b)   A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11**   **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

DATED: February 23, 2024               s/Leo I. Brisbois
                                       Hon. Leo I. Brisbois
                                       U.S. MAGISTRATE JUDGE

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____,

County of _____, State of _____.

I am currently employed by _____ located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, filed in the District of Minnesota, Case No. 23-cv-486 (JRT/LIB). I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after the final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on:_____                    _____
(Date)                                           (Signature)