# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| James John Rud, et al., | Case No. 0:23-cv-00486 (JRT/LIB) |
| Plaintiffs, | |
| vs. | **DEFENDANTS' ANSWER TO** |
| | **PLAINTIFFS' FIRST AMENDED** |
| Nancy Johnston, et. al., | **CLASS ACTION COMPLAINT** |
| | **[ECF NO. 77]** |
| Defendants. | |

Defendants Nancy Johnston and Jodi Harpstead, in their official capacities, (hereinafter collectively "Defendants"), submit the following Answer to Plaintiffs' First Amended Class Action Complaint (ECF No. 77) ("FAC") pursuant to Fed. R. Civ. P. 8. Unless specifically admitted, all averments contained in the FAC are denied.

## PLAINTIFFS' FAC

### INTRODUCTION

1.     Paragraph 1 sets forth the nature of Plaintiffs' action, including asserted causes of action that the Court has now dismissed. *See* Mem. Op. and Order Granting in Part and Denying in Part Def's Mot. To Dismiss, May 23, 2024, ECF No. 129 ("May 23, 2024 Order"). As such, no response is required. To the extent a response is required, Defendants deny the allegations.

2.     Paragraph 2 sets forth the nature of Plaintiffs' action or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTIES

3.    Defendants admit the first sentence of Paragraph 3.  As to the second sentence of Paragraph 3, Defendants admit that Mr. Rud petitioned for transfer to Community Preparation Services ("CPS") and affirmatively state that, in an order dated June 6, 2022, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**." As to the third sentence of Paragraph 3, Defendants deny the allegations and affirmatively state that the Court granted Mr. Rud's motion for preliminary injunction and that Mr. Rud was transferred to CPS on April 11, 2023, in the normal course of waiting list movement. Defendants deny the averments in the fourth sentence of Paragraph 3.

4.    Defendants admit the first sentence of Paragraph 4.  As to the second sentence of Paragraph 4, Defendants admit Mr. Hausfeld petitioned for transfer to CPS and affirmatively state that, in an order dated January 25, 2022, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**."  As to the third sentence of Paragraph 4, Defendants admit only that Mr. Hausfeld "was not transferred to CPS until November 8, 2022," and otherwise deny.  Defendants deny the averments in the fourth and fifth sentences of Paragraph 4.

5.    Defendants admit the first sentence of Paragraph 5.  As to the second sentence of Paragraph 5, Defendants deny the allegations and affirmatively state that Mr. Gardner petitioned for transfer to CPS and in an order dated May 5, 2023, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility

such as Community Preparation Services (CPS) is hereby **GRANTED**." As to the third sentence in Paragraph 5, Defendants deny the allegations and affirmatively state that Mr. Gardner was transferred to CPS in the normal course of waitlist movement on February 5, 2024. Defendants further deny the averments in the fourth and fifth sentences of Paragraph 5.

6. Defendants admit the first sentence of Paragraph 6. As to the second sentence of Paragraph 6, Defendants admit that Mr. Peterson petitioned for transfer to CPS and affirmatively state that, in an order dated October 16, 2023, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**." As to the third sentence of Paragraph 6, Defendants deny the allegations and affirmatively state that Mr. Peterson was transferred to CPS in the normal course of waitlist movement on May 1, 2024. Defendants further deny the averments in the fourth and fifth sentences of Paragraph 6.

7. Defendants admit the first sentence of Paragraph 7. As to the second sentence of Paragraph 7, Defendants admit that Mr. Alexander petitioned for transfer to CPS and affirmatively state that, in an order dated July 11, 2023, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**." As to the third sentence of Paragraph 7, Defendants deny the allegations and affirmatively state that Mr. Gardner was transferred to CPS in the normal course of waitlist movement on February 26, 2024. Defendants further deny the averments in the fourth and fifth sentences of Paragraph 7.

8.    Defendants admit the first sentence of Paragraph 8.  As to the second sentence of Paragraph 8, Defendants admit that Mr. Mallan petitioned for transfer to CPS and affirmatively state that, in an order dated October 25, 2023, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**."  As to the third sentence of Paragraph 8, Defendants deny the allegations and affirmatively state that Mr. Mallan was transferred to CPS in the normal course of waitlist movement on June 3, 2024.  Defendants further deny the averments in the fourth and fifth sentences of Paragraph 8.

9.    Defendants admit the first sentence of Paragraph 9.  The remainder of this paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, except as expressly admitted, Defendants deny the allegations.

10.    Defendants admit the first sentence of Paragraph 10.  The remainder of this paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, except as expressly admitted, Defendants deny the allegations.

## JURISDICTION AND VENUE

11.    This paragraph sets forth legal conclusions to which no response is required.

12.    This paragraph sets forth legal conclusions to which no response is required.

## FACTS

13.    Defendants admit that Plaintiffs have been civilly committed to the Minnesota Sex Offender Program ("MSOP"), but lack knowledge or information related to the proposed class members.  The remainder of Paragraph 13 sets forth legal conclusions

to which no response is required.  To the extent a response is required, except as expressly admitted, Defendants deny the allegations.

14.     Paragraph 14 sets forth legal conclusions to which no response is required.

15.     Paragraph 15 sets forth legal conclusions to which no response is required.

16.     Defendants deny the allegations in the first sentence of Paragraph 16 and affirmatively state that MSOP generally operates as a three-phase treatment program, with newly committed individuals usually beginning in Phase I.  Defendants deny the remaining allegations in this paragraph.

17.     Defendants deny the allegations in the first sentence of Paragraph 17. Defendants admit the second sentence of Paragraph 17.

18.     The first two sentences of Paragraph 18 set forth legal conclusions to which no response is required.  As to the third sentence and footnote of Paragraph 18, Defendants deny the allegations and affirmatively state that CPS can offer increased liberties as clinically indicated for each client.

19.     Defendants deny the allegations in Paragraph 19.

20.     Paragraph 20 sets forth legal conclusions to which no response is required.

21.     Paragraph 21 sets forth legal conclusions to which no response is required.

22.     Paragraph 22 sets forth legal conclusions to which no response is required.

23.     Defendants deny the allegations in Paragraph 23.

24.     Paragraph 24 sets forth legal conclusions to which no response is required.

25.     Paragraph 25 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants affirmatively state that MSOP assigns the

next open CPS bed to the client who has an order granting their transfer with the earliest effective transfer order date, but otherwise denies the remaining allegations in this paragraph.

26.     Paragraph 26 sets forth legal conclusions to which no response is required.

27.     Defendants deny the allegations in the first sentence of Paragraph 27 and affirmatively state that Mr. Rud was civilly committed as a Sexually Dangerous Person and Sexual Psychopathic Personality by final order dated September 28, 2010. Defendants admit the second, third and fourth sentences in Paragraph 27. As to the fifth sentence, Defendants deny the averments. As to the sixth sentence, Defendants admit that Mr. Rud was transferred to CPS on April 11, 2023, and deny the remaining allegations in this sentence.

28.     Defendants deny the allegations in the first sentence of Paragraph 28 and affirmatively state that Mr. Hausfeld was civilly committed as a Sexually Dangerous Person and Sexual Psychopathic Personality by final order dated August 6, 1999. Defendants deny the allegations in the second sentence of Paragraph 28 and affirmatively state that the Special Review Board issued its findings and recommendations on April 7, 2021. Defendants deny the remaining allegations in this paragraph and affirmatively state that the Commissioner requested reconsideration of the CAP's order on February 9, 2022, and then appealed the CAP's order on March 18, 2022.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 29. Defendants admit that Mr. Hausfeld was transferred to CPS on or around November 8, 2022.

30.     Defendants admit the first, second and third sentences of Paragraph 30.  As to the fourth sentence, Defendants deny the allegations and affirmatively state that the Commissioner requested reconsideration of the Special Review Board's recommendation granting transfer to CPS on May 18, 2022, and because no party requested reconsideration of the Special Review Board's recommendation denying provisional discharge and discharge, the Commissioner and Winona County no longer opposed Mr. Gardner's request for transfer to CPS.  As to the fifth sentence, Defendants deny the allegations and affirmatively state that the CAP granted Mr. Gardner's petition for transfer to CPS on May 5, 2023.  As to the sixth sentence, Defendants deny the allegations.  Defendants admit the seventh sentence of this paragraph.  As to the eighth sentence, Defendants deny the allegations and affirmatively state that an evidentiary hearing on the motion for contempt was scheduled for April 22, 2024.  As to the last sentence, Defendants deny the allegations and affirmatively state that Mr. Gardner was transferred to CPS on February 5, 2024.

31.     Defendants admit the first sentence of Paragraph 31.  Defendants deny the allegations in the second sentence of this paragraph and affirmatively state that the CAP filed its order granting Mr. Peterson's transfer to CPS on October 16, 2023.  Defendants deny the remaining allegations in this paragraph and affirmatively state that Mr. Peterson was transferred to CPS on May 1, 2024.

32.     Defendants admit the first sentence of Paragraph 32.  Defendants deny the allegations in the second sentence of this paragraph and affirmatively state that Mr. Alexander petitioned the Special Review Board for transfer, provisional discharge, and discharge on August 27, 2020, and that the CAP granted Mr. Alexander's petition for

transfer to CPS by order filed on July 11, 2023.  Defendants deny the remaining allegations in this paragraph and affirmatively state that Mr. Alexander was transferred to CPS on February 26, 2024.

33.     Defendants admit the first sentence of Paragraph 33.  Defendants deny the allegations in the second sentence of this paragraph and affirmatively state that Mr. Mallan brought a petition for a reduction in custody to the Special Review Board, and because no petition for CAP review was filed, the CAP completed a de novo review of the matter and granted Mr. Mallan's petition for transfer to CPS on October 25, 2023.  Defendants deny the remaining allegations in this paragraph and affirmatively state that Mr. Mallan was transferred to CPS on June 3, 2024.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in the first sentence of Paragraph 35.  The second sentence of this paragraph sets forth legal conclusions to which no response is required.  Defendants deny the allegations in the third sentence of Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     The first sentence of Paragraph 37 sets forth legal conclusions to which no response is required.  Defendants otherwise deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Paragraph 39 sets forth legal conclusions to which no response is required.

## CLASS ACTION ALLEGATIONS

40.     Paragraph 40 and its subparagraphs set forth legal conclusions or the nature of Plaintiffs' action, to which no response is required.  They further assert a claim for monetary damages, which was dismissed by the Court in its May 23, 2024 Order.

41.     The first sentence of Paragraph 41 sets forth legal conclusions to which no response is required.   Defendants deny the second through fourth sentences of Paragraph 41.  The remainder of this paragraph sets forth legal conclusions to which no response is required; To the extent a response is required, Defendants deny the allegations.

42.     Paragraph 42 and its subparagraphs set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

43.     Paragraph 43 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

44.     Paragraph 44 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

45.     Paragraph 45 sets forth legal conclusions to which no response is required.

46.     Paragraph 46 sets forth legal conclusions to which no response is required.

47.     Paragraph 47 sets forth legal conclusions to which no response is required.

48.     Paragraph 48 sets forth legal conclusions to which no response is required.

**CAUSES OF ACTION**

**COUNT I**
**Petition for Writ of Mandamus**
**(On Behalf of the Awaiting Transfer Class)**

49.     Paragraph 49 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

50.     Paragraph 50 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

51.     Paragraph 51 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

52.     Paragraph 52 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

53.     Paragraph 53 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

54.     Paragraph 54 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

55.     Paragraph 55 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

**COUNT II**
**Procedural Due Process Under the United States and Minnesota Constitutions**
**(On Behalf of Both Classes)**

56.     Defendants incorporate their responses to the preceding paragraphs.

57.     To the extent Paragraph 57 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no response is required.   Paragraph 57, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

58.     To the extent Paragraph 58 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no response is required.   Paragraph 58, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

59.     To the extent Paragraph 59 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no response is required.   Paragraph 59, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

60.     To the extent Paragraph 60 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no response is required.   Paragraph 60, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

61.     To the extent Paragraph 61 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no response is required.   Paragraph 61, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

62.     To the extent Paragraph 62 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no

response is required.  Paragraph 62, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations and affirmatively state that all Plaintiffs have been transferred to CPS.

63.     To the extent Paragraph 63 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no response is required.  Paragraph 63, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

64.     To the extent Paragraph 64 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no response is required.  Paragraph 64, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

65.     To the extent Paragraph 65 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no response is required.  Paragraph 65, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

66.     To the extent Paragraph 66 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* May 23, 2024 Order), and so no response is required.  Paragraph 66, as asserted against Defendants in their official

capacities, sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### COUNT III
**Procedural Due Process Under the United States and Minnesota Constitutions**
**(On Behalf of Both Classes)**

67.     Paragraph 67 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

68.     Paragraph 68 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

69.     Paragraph 69 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

70.     Paragraph 70 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

71.     Paragraph 71 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

72.     Paragraph 72 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

73.     Paragraph 73 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

74.     Paragraph 74 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

75.     Paragraph 75 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

76.     Paragraph 76 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

77.     Paragraph 77 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

78.     Paragraph 78 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

**COUNT IV**
**Substantive Due Process Under the Minnesota and United States Constitutions**
**(On Behalf of Both Classes)**

79.     Paragraph 79 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

80.     Paragraph 80 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

81.     Paragraph 81 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

82.     Paragraph 82 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

83.     Paragraph 83 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

84.     Paragraph 84 relates to a cause of action that has been dismissed (*see* May 23, 2024 Order), and so no response is required.

**PRAYER FOR RELIEF**

To the extent that the Plaintiffs' Prayer for Relief requires an answer, Defendants deny that Plaintiffs are entitled to the relief requested and aver that no Plaintiff is entitled to any relief against any Defendant.  Defendants further affirmatively state that Plaintiffs' prayer for money damages was dismissed by the Court in its May 23, 2024 Order.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that they would not otherwise bear, Defendants further assert the separate and distinct affirmative defenses stated below to each and every cause of action alleged in the FAC, except where such affirmative defense states that it is specifically limited to one or more causes of action.

1.      The Court lacks subject matter jurisdiction.

2.      The FAC fails to state facts sufficient to plausibly plead a cause of action against Defendants.

3.      Plaintiffs' claims are precluded under the doctrine of *res judicata* by the decisions in *Karsjens v. Harpstead*, No. CV 11-3659, 2022 WL 542467 (D. Minn. Feb. 23, 2022) and its related cases and appeals.

**RIGHT TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

Defendants reserve the right to amend their Answer to assert any additional affirmative defenses, objections, or other defenses available under applicable law or the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiffs be granted no relief in this action against Defendants;

2.      That judgment be rendered in favor of Defendants and against Plaintiffs on

         each and every cause of action alleged in the FAC;

3.      That Defendants recover their costs and fees incurred, including attorneys'

         fees; and

4.      For any other further relief as this Court deems just and proper.


Dated:  June 6, 2024.                          KEITH ELLISON
                                               Attorney General
                                               State of Minnesota

                                               *s/ Jacqueline Clayton*
                                               AARON WINTER
                                               Assistant Attorney General
                                               Atty. Reg. No. 0390914

                                               JACQUELINE CLAYTON
                                               Assistant Attorney General
                                               Atty. Reg. No. 0504082

                                               BENJAMIN JOHNSON
                                               Assistant Attorney General
                                               Atty. Reg. No. 0391482

                                               445 Minnesota Street, Suite 1400
                                               St. Paul, Minnesota 55101-2131
                                               (651) 757-1374 (Voice)
                                               (651) 282-5832 (Fax)
                                               aaron.winter@ag.state.mn.us
                                               jacqueline.clayton@ag.state.mn.us
                                               benjamin.johnson@ag.state.mn.us

                                               *Attorneys for Defendants*

|#5794073-v1