UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James John Rud, Brian Keith Hausfeld, Joshua Adam Gardner, Dwane David Peterson, Lynell Dupree Alexander, and Andrew Gary Mallan on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Nancy Johnston, Executive Director, Minnesota Sex Offender Program, and Jodi Harpstead, Department of Human Services Commissioner, *in their individual and official capacities,*<br><br>Defendants. | Court File No. 0:23-cv-00486-JRT-LIB<br><br><br>**JOINT RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on June 4, 2024, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 will be scheduled at a time and location to be determined by the Court before the United States Magistrate Judge Leo Brisbois. The parties request that the pretrial be held by telephone.

(a) Description of the Case.

(1) Concise factual summary of plaintiff's claims:

Plaintiffs and proposed class members are individuals who have been civilly committed to the Minnesota Sex Offender Program ("MSOP") under the Minnesota Commitment and Treatment Act ("MCTA"). Plaintiffs and proposed class members are all individuals who have been approved and received orders for transfer to a less-restrictive phase of treatment phase at Community Preparation Services ("CPS"). Despite being charged with effectuating such transfer orders, Defendants have left Plaintiffs and others

1

who have been approved for transfer to CPS to languish at the high-security Moose Lake treatment facility for months or years after their effective transfer orders.

(2) Concise factual summary of defendant's claims/defenses:

On May 23, 2024, the Court dismissed all but one claim, a procedural due process claim against Defendants in their official capacities. *See* ECF No. 129 ("May 23 Order"). All current Plaintiffs have been transferred to CPS, and given this case now involves prospective injunctive relief only, Defendants' position is that the Court currently lacks subject matter jurisdiction; Defendants and Plaintiffs intend to discuss how to proceed in light of this issue. On the merits, Defendants maintain their position that Plaintiffs do not state a procedural due process claim as a matter of law, and in the alternative Plaintiffs were adequately on notice of any delay in transfer to CPS, had an opportunity to be heard on that issue, and that Defendants transfer individuals with CAP transfer orders to CPS within a "reasonable time" under *McDeid v. Johnston*, 984 N.W.2d 864, 867 (Minn. 2023).

(3) Statement of jurisdiction (including statutory citations):

This Court has subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) as Defendants' alleged conduct occurred in, was directed from, and/or emanated from this judicial district, because Plaintiffs reside in this district, and because Defendants are subject to personal jurisdiction in this district. This Court has personal jurisdiction over Defendants because acts alleged occurred within the State of Minnesota.

(4) Summary of factual stipulations or agreements:

None at this time.

(5) Statement of whether a jury trial has been timely demanded by any party:

Timely demanded by Plaintiffs.

Defendants' position is that neither party has a right to a jury trial given the Court's grant of qualified immunity.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to the Procedure for Expedited Trials.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Plaintiffs do not anticipate amending their pleadings further.

Defendants acknowledge service of the operative First Amended Complaint (Doc. 77). As noted above, all current Plaintiffs have been transferred to CPS, and Defendants anticipate their discussion of that issue with Plaintiffs may result in additional amendment.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before:

Plaintiffs' proposal: July 1, 2024

Defendants' proposal: July 1, 2024

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by

Plaintiffs' proposal: No physical or mental examinations are necessary to decide the procedural due process issues in this case.

Defendants' proposal: October 1, 2024.

(3) The parties must commence fact discovery procedures in time to be completed by:

Plaintiffs' proposal: July 1, 2024.

Defendants' proposal: October 1, 2024.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) interrogatories;

Plaintiffs' proposal: 10.

    Defendants' proposal: No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

  (B) document requests;

    Plaintiffs' proposal: 10.

    Defendants' proposal: No more than 25 document requests shall be served by each side.

  (C) factual depositions;

    Plaintiffs' proposal: 2.

    Defendants' proposal: 10.

  (D) requests for admissions;

    Plaintiffs' proposal: 10.

    Defendants' proposal: No more than 25 requests for admissions shall be served by each side.

  (E) Rule 35 medical examinations; and

    Plaintiffs' proposal: 0.

    Defendants' proposal: Equal to the number of Named Plaintiffs.

(d) Expert Discovery.

  (1) The parties anticipate that they will require expert witnesses at the time of trial.

    (A)   The Plaintiffs anticipate calling one or two experts.

    (B)   The Defendants anticipate calling up to four experts.

  (2) The parties propose that the Court establish the following plan for expert discovery:

    (A)   Initial experts.

      (i) Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the

      written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

        a. Identities and disclosures by the parties on or before:

          Plaintiffs' proposal: August 1, 2024.

          Defendants' proposal: November 12024.

    (B) Rebuttal experts.

      (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before

      Plaintiffs' proposal: August 15, 2024

      Defendants' proposal: November 22 2024.

      (ii) Any reply expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before

      Plaintiffs' proposal: September 1, 2024.

      Defendants' proposal: December 8 2024

  (4) All expert discovery must be completed by

    Plaintiffs' proposal: September 15, 2024.

    Defendants' proposal: December 20 2024

(e) Other Discovery Issues.

  (1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed protective order noting any areas of disagreement.

  (2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

    The parties have discussed the form of production of electronically stored information and have agreed to produce documents, including electronically stored information, as multi-page image files ("TIF") with searchable text. If a document

is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and multimedia files, should be produced in native format with database slip sheets. Color documents shall be produced as color image files.

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties request the Court to include the following agreement in the scheduling order:

The parties will submit a stipulation and proposed Protective Order addressing this issue.

(4) The parties:

☐ agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

**X** agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by

Plaintiffs' proposal: July 1, 2024.

Defendants' proposal: July 1, 2024.

(2) Motions seeking to amend the pleadings must be filed and served by

Plaintiffs' proposal: July 1, 2024.

Defendants' proposal: July 1, 2024.

(3) All other non-dispositive motions must be filed and served by

Plaintiffs' proposal: August 15, 2024.

Defendants' proposal: December 20, 2024.

(4) All dispositive motions must be filed and served by

Plaintiffs' proposal: October 1, 2024.

Defendants' proposal: January 20, 2025

(5) Any motion for class certification, if applicable, must be filed and served by:

Plaintiffs' proposal: August 1, 2024.

Defendants' proposal: August 1, 2024.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after

Plaintiffs' proposal: December 1, 2024.

Defendants' proposal: March 15, 2025

(2) The parties propose that the final pretrial conference be held on or before

Plaintiffs' proposal: December 10, 2024

Defendants' proposal: March 15, 2025

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Not applicable.

(i) Settlement.

(1) The parties will discuss settlement before the initial pretrial conference, by the plaintiffs making a written demand for settlement three weeks before the pretrial conference and defendants making a written response to the plaintiffs' demand one week before the pretrial conference.

(2) The parties propose that a settlement conference be scheduled to take place before

   Plaintiffs' proposal: August 15, 2024.

   Defendants' proposal: December 1, 2024.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case. The parties believe that, at this time, alternative dispute resolution will not be helpful to the resolution of this case.

(j) Trial by Magistrate Judge.

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated: June 11, 2024                    **GUSTAFSON GLUEK PLLC**

*/s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
Joseph E. Nelson (#402378)

Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstauber@gustafsongluek.com
jnelson@gustafsongluek.com

**FREMSTAD LAW**
Hannah L. Scheidecker (#0401987)
3003 32nd Ave. S., Ste. 240
Fargo, ND 58103
(701) 478-7620
hannah@fremstadlaw.com

*Attorneys for Plaintiffs and the Proposed Classes*

KEITH ELLISON
Attorney General
State of Minnesota

DATE: June 11, 2024                    s/ Aaron Winter

AARON WINTER
Assistant Attorney General
Atty. Reg. No. 0390914

JACQUELINE CLAYTON
Assistant Attorney General

Atty. Reg. No. 0504082

BENJAMIN JOHNSON
Assistant Attorney General
Atty. Reg. No. 0391482

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1374 (Voice)
(651) 282-5832 (Fax)
aaron.winter@ag.state.mn.us
jacqueline.clayton@ag.state.mn.us
benjamin.johnson@ag.state.mn.us

Attorneys for Defendants

10