UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| James John Rud, et al., | Case No. 0:23-cv-00486 (JRT/LIB) |
| Plaintiffs, | |
| vs. | **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT [ECF NO. 136]** |
| Nancy Johnston, et. al., | |
| Defendants. | |

Defendants Nancy Johnston and Jodi Harpstead, in their official capacities, (hereinafter collectively "Defendants"), submit the following Answer to Plaintiffs' Second Amended Class Action Complaint (ECF No. 136) ("SAC") pursuant to Fed. R. Civ. P. 8. Unless specifically admitted, all averments contained in the SAC are denied.

## PLAINTIFFS' SAC

### INTRODUCTION

1. Paragraph 1 sets forth the nature of Plaintiffs' action, including asserted causes of action that the Court has now dismissed. *See* Mem. Op. and Order Granting in Part and Denying in Part Defs' Mot. to Dismiss, May 23, 2024, ECF No. 129 ("May 23, 2024 Order"); *see also* Order on Stipulation, October 1, 2024, ECF No. 139 ("October 1, 2024 Order"). As such, no response is required. To the extent a response is required, Defendants deny the allegations.

2. Paragraph 2 sets forth the nature of Plaintiffs' action or legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTIES

3. Defendants admit the first sentence of Paragraph 3. As to the second sentence of Paragraph 3, Defendants admit that Mr. Rud petitioned for transfer to Community Preparation Services ("CPS") and affirmatively state that, in an order dated June 6, 2022, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**." As to the third sentence of Paragraph 3, Defendants deny the allegations and affirmatively state that the Court granted Mr. Rud's motion for preliminary injunction and that Mr. Rud was transferred to CPS on April 11, 2023, in the normal course of waiting list movement. Defendants deny the averments in the fourth and fifth sentences of Paragraph 3.

4. Defendants admit the first sentence of Paragraph 4. As to the second sentence of Paragraph 4, Defendants admit Mr. Hausfeld petitioned for transfer to CPS and affirmatively state that, in an order dated January 25, 2022, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**." As to the third sentence of Paragraph 4, Defendants admit only that Mr. Hausfeld "was not transferred to CPS until November 8, 2022," and otherwise deny. Defendants deny the averments in the fourth and fifth sentences of Paragraph 4.

5. Defendants admit the first sentence of Paragraph 5. As to the second sentence of Paragraph 5, Defendants deny the allegations and affirmatively state that Mr. Gardner petitioned for transfer to CPS and in an order dated May 5, 2023, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**." Defendants admit the third sentence in Paragraph 5.

6. Defendants admit the first sentence of Paragraph 6. As to the second sentence of Paragraph 6, Defendants admit that Mr. Peterson petitioned for transfer to CPS and affirmatively state that, in an order dated October 16, 2023, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**." Defendants admit the third sentence in Paragraph 6.

7. Defendants admit the first sentence of Paragraph 7. As to the second sentence of Paragraph 7, Defendants admit that Mr. Alexander petitioned for transfer to CPS and affirmatively state that, in an order dated July 11, 2023, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community Preparation Services (CPS) is hereby **GRANTED**." Defendants admit the third sentence in Paragraph 7.

8. Defendants admit the first sentence of Paragraph 8. As to the second sentence of Paragraph 8, Defendants admit that Mr. Mallan petitioned for transfer to CPS and affirmatively state that, in an order dated October 25, 2023, the Commitment Appeal Panel stated that "[t]he petition for transfer to a less restrictive facility such as Community

Preparation Services (CPS) is hereby **GRANTED**." Defendants admit the third sentence in Paragraph 8.

9.  Defendants admit the first sentence of Paragraph 9. As to the second sentence of Paragraph 9, Defendants admit that Mr. Hand petitioned for transfer to CPS and affirmatively state that, in an order dated February 7, 2024, the Commitment Appeal Panel stated that "[t]he petition for transfer to Community Preparation Services (CPS) is **GRANTED**." As to the third sentence of Paragraph 9, Defendants admit that Mr. Hand "has not yet been transferred to CPS" but deny the remaining allegations. Defendants further deny the averments in the fourth and fifth sentences of Paragraph 9.

10. Defendants admit the first sentence of Paragraph 10. As to the second sentence of Paragraph 10, Defendants admit that Mr. Durbin petitioned for transfer to CPS and affirmatively state that, in an order dated February 22, 2024, the Commitment Appeal Panel stated that "[t]he petition for transfer to Community Preparation Services is **GRANTED**." As to the third sentence of Paragraph 10, Defendants admit that Mr. Durbin "has not yet been transferred to CPS" but deny the remaining allegations. Defendants further deny the averments in the fourth and fifth sentences of Paragraph 10.

11. Defendants admit the first sentence of Paragraph 11. As to the second sentence of Paragraph 10, Defendants admit that Mr. Webber petitioned for transfer to CPS and affirmatively state that, in an order dated July 26, 2024, the Commitment Appeal Panel stated that "[t]he petition for transfer to CPS is hereby **GRANTED**." As to the third sentence of Paragraph 11, Defendants admit that Mr. Webber "has not yet been transferred

to CPS" but deny the remaining allegations. Defendants further deny the averments in the fourth and fifth sentences of Paragraph 11.

12. Defendants admit the first sentence of Paragraph 12. The remainder of this paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendants deny the allegations.

13. Defendants admit the first sentence of Paragraph 13. The remainder of this paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendants deny the allegations.

## JURISDICTION AND VENUE

14. This paragraph sets forth legal conclusions to which no response is required.

15. This paragraph sets forth legal conclusions to which no response is required.

## FACTS

16. Defendants admit that Plaintiffs have been civilly committed to the Minnesota Sex Offender Program ("MSOP"), but lack knowledge or information related to the proposed class members. The remainder of Paragraph 16 sets forth legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendants deny the allegations.

17. Paragraph 17 sets forth legal conclusions to which no response is required.

18. Paragraph 18 sets forth legal conclusions to which no response is required.

19. Defendants deny the allegations in the first sentence of Paragraph 19 and affirmatively state that MSOP generally operates as a three-phase treatment program, with

newly committed individuals usually beginning in Phase I. Defendants deny the remaining allegations in this paragraph.

20. Defendants deny the allegations in the first sentence of Paragraph 20. Defendants admit the second sentence of Paragraph 20.

21. The first two sentences of Paragraph 21 set forth legal conclusions to which no response is required. As to the third sentence and footnote of Paragraph 21, Defendants deny the allegations and affirmatively state that CPS can offer increased liberties as clinically indicated for each client.

22. Defendants deny the allegations in Paragraph 22.

23. Paragraph 23 sets forth legal conclusions to which no response is required.

24. Paragraph 24 sets forth legal conclusions to which no response is required.

25. Paragraph 25 sets forth legal conclusions to which no response is required.

26. Defendants deny the allegations in Paragraph 26.

27. Paragraph 27 sets forth legal conclusions to which no response is required.

28. Paragraph 28 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants affirmatively state that MSOP assigns the next open CPS bed to the client who has an order granting their transfer with the earliest effective transfer order date, but otherwise denies the remaining allegations in this paragraph.

29. Paragraph 29 sets forth legal conclusions to which no response is required.

30. Defendants deny the allegations in the first sentence of Paragraph 30 and affirmatively state that Mr. Rud was civilly committed as a Sexually Dangerous Person

6

and Sexual Psychopathic Personality by final order dated September 28, 2010. Defendants admit the second, third and fourth sentences in Paragraph 30. As to the fifth sentence, Defendants deny the averments. As to the sixth sentence, Defendants admit that Mr. Rud was transferred to CPS on April 11, 2023, and deny the remaining allegations in this sentence.

31. Defendants deny the allegations in the first sentence of Paragraph 31 and affirmatively state that Mr. Hausfeld was civilly committed as a Sexually Dangerous Person and Sexual Psychopathic Personality by final order dated August 6, 1999. Defendants deny the allegations in the second sentence of Paragraph 31 and affirmatively state that the Special Review Board issued its findings and recommendations on April 7, 2021. Defendants deny the remaining allegations in this paragraph and affirmatively state that the Commissioner requested reconsideration of the CAP's order on February 9, 2022, and then appealed the CAP's order on March 18, 2022.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 32. Defendants admit that Mr. Hausfeld was transferred to CPS on or around November 8, 2022.

33. Defendants admit the first, second and third sentences of Paragraph 33. As to the fourth sentence, Defendants deny the allegations and affirmatively state that the Commissioner requested reconsideration of the Special Review Board's recommendation granting transfer to CPS on May 18, 2022, and because no party requested reconsideration of the Special Review Board's recommendation denying provisional discharge and discharge, the Commissioner and Winona County no longer opposed Mr. Gardner's

7

request for transfer to CPS. As to the fifth sentence, Defendants deny the allegations and affirmatively state that the CAP granted Mr. Gardner's petition for transfer to CPS on May 5, 2023. As to the sixth sentence, Defendants deny the allegations. Defendants admit the seventh sentence of this paragraph. As to the eighth sentence, Defendants deny the allegations and affirmatively state that an evidentiary hearing on the motion for contempt was scheduled for April 22, 2024. As to the last sentence, Defendants admit that Mr. Gardner was transferred to CPS on February 5, 2024.

34. Defendants admit the first sentence of Paragraph 34. Defendants deny the allegations in the second sentence of this paragraph and affirmatively state that the CAP filed its order granting Mr. Peterson's transfer to CPS on October 16, 2023. As to the third sentence of this paragraph, Defendants admit that Mr. Peterson was transferred to CPS on May 1, 2024.

35. Defendants admit the first sentence of Paragraph 35. Defendants deny the allegations in the second sentence of this paragraph and affirmatively state that Mr. Alexander petitioned the Special Review Board for transfer, provisional discharge, and discharge on August 27, 2020, and that the CAP granted Mr. Alexander's petition for transfer to CPS by order filed on July 11, 2023. As to the third sentence of this paragraph, Defendants admit that Mr. Alexander was transferred to CPS on February 26, 2024.

36. Defendants admit the first sentence of Paragraph 36. Defendants deny the allegations in the second sentence of this paragraph and affirmatively state that Mr. Mallan brought a petition for a reduction in custody to the Special Review Board, and because no petition for CAP review was filed, the CAP completed a de novo review of the matter and

granted Mr. Mallan's petition for transfer to CPS on October 25, 2023. As to the third sentence of this paragraph, Defendants admit that Mr. Mallan was transferred to CPS on June 3, 2024.

37. Defendants admit the first sentence of Paragraph 37. Defendants deny the allegations in the second sentence of this paragraph and affirmatively state that Mr. Hand brought a petition for a reduction in custody to the Special Review Board for transfer, provisional discharge, and discharge on April 15, 2021, and that the CAP granted Mr. Hand's petition for transfer to CPS by order filed on February 7, 2024. As to the third sentence of this paragraph, Defendants admit that Mr. Hand "has not yet been transferred to CPS" but deny the remaining allegations. Defendants further deny the averments in the fourth and fifth sentences of Paragraph 37.

38. Defendants admit the first sentence of Paragraph 38. Defendants deny the allegations in the second sentence of this paragraph and affirmatively state that Mr. Durbin brought a petition for a reduction in custody to the Special Review Board for transfer, provisional discharge, and discharge on January 24, 2022, and that the CAP granted Mr. Hand's petition for transfer to CPS by order filed on February 22, 2024. As to the third sentence of this paragraph, Defendants admit that Mr. Durbin "has not yet been transferred to CPS" but deny the remaining allegations. Defendants further deny the averments in the fourth and fifth sentences of Paragraph 38.

39. Defendants admit the first sentence of Paragraph 39. Defendants deny the allegations in the second sentence of this paragraph and affirmatively state that the Commissioner brought a Petition for Rehearing and Reconsideration of the Special Review

Board's recommendation to grant Mr. Webber's transfer to CPS on August 9, 2023, and that the CAP granted Mr. Webber's petition for transfer to CPS by order filed on July 26, 2024. As to the third sentence of this paragraph, Defendants admit that Mr. Webber "has not yet been transferred to CPS" but deny the remaining allegations. Defendants further deny the averments in the fourth and fifth sentences of Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in the first sentence of Paragraph 41. The second sentence of this paragraph sets forth legal conclusions to which no response is required. Defendants deny the allegations in the third sentence of Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. The first sentence of Paragraph 43 sets forth legal conclusions to which no response is required. Defendants otherwise deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Paragraph 45 sets forth legal conclusions to which no response is required.

## CLASS ACTION ALLEGATIONS

46. Paragraph 46 and its subparagraphs set forth legal conclusions or the nature of Plaintiffs' action, to which no response is required. They further assert a claim for monetary damages, which was dismissed by the Court in its October 1, 2024 Order.

47. The first sentence of Paragraph 47 sets forth legal conclusions to which no response is required. Defendants deny the second through fourth sentences of Paragraph 47. The remainder of this paragraph sets forth legal conclusions to which no response is required; To the extent a response is required, Defendants deny the allegations.

48. Paragraph 48 and its subparagraphs set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

49. Paragraph 49 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

50. Paragraph 50 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

51. Paragraph 51 sets forth legal conclusions to which no response is required.

52. Paragraph 52 sets forth legal conclusions to which no response is required.

53. Paragraph 53 sets forth legal conclusions to which no response is required.

54. Paragraph 54 sets forth legal conclusions to which no response is required.

## CAUSES OF ACTION

### COUNT I
### Petition for Writ of Mandamus
### (On Behalf of the Awaiting Transfer Class)

55. Paragraph 55 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

56. Paragraph 56 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

57. Paragraph 57 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

58. Paragraph 58 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

59. Paragraph 59 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

60. Paragraph 60 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

61. Paragraph 61 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

## COUNT II
### Procedural Due Process Under the United States and Minnesota Constitutions
### (On Behalf of Both Classes)

62. Defendants incorporate their responses to the preceding paragraphs.

63. To the extent Paragraph 63 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so no response is required. Paragraph 63, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

64. To the extent Paragraph 64 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so no response is required. Paragraph 64, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

65. To the extent Paragraph 65 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so

no response is required. Paragraph 65, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

66. To the extent Paragraph 66 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so no response is required. Paragraph 66, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

67. To the extent Paragraph 67 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so no response is required. Paragraph 67, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required.

68. To the extent Paragraph 68 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so no response is required. Paragraph 68, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs Hand, Durbin and Webber have not been transferred to CPS, but deny the remaining allegations in this paragraph.

69. To the extent Paragraph 69 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so no response is required. Paragraph 69, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. To the extent Paragraph 70 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so no response is required. Paragraph 70, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

71. To the extent Paragraph 71 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so no response is required. Paragraph 71, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

72. To the extent Paragraph 72 relates to a cause of action against the Defendants in their individual capacities, that has been dismissed (*see* October 1, 2024 Order), and so no response is required. Paragraph 72, as asserted against Defendants in their official capacities, sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT III**
**Procedural Due Process Under the United States and Minnesota Constitutions**
**(On Behalf of Both Classes)**

73. Paragraph 73 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

74. Paragraph 74 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

75. Paragraph 75 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

76. Paragraph 76 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

77. Paragraph 77 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

78. Paragraph 78 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

79. Paragraph 79 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

80. Paragraph 80 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

81. Paragraph 81 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

82. Paragraph 82 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

83. Paragraph 83 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

84. Paragraph 84 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

## COUNT IV
## Substantive Due Process Under the Minnesota and United States Constitutions
## (On Behalf of Both Classes)

85. Paragraph 85 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

86. Paragraph 86 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

87. Paragraph 87 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

88. Paragraph 88 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

89. Paragraph 89 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

90. Paragraph 90 relates to a cause of action that has been dismissed (*see* October 1, 2024 Order), and so no response is required.

## PRAYER FOR RELIEF

To the extent that the Plaintiffs' Prayer for Relief requires an answer, Defendants deny that Plaintiffs are entitled to the relief requested and aver that no Plaintiff is entitled to any relief against any Defendant. Defendants further affirmatively state that Plaintiffs' prayer for money damages was dismissed by the Court in its October 1, 2024 Order.

## AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise bear, Defendants further assert the separate and distinct affirmative defenses stated below to each and every

cause of action alleged in the SAC, except where such affirmative defense states that it is specifically limited to one or more causes of action.

1. The Court lacks subject matter jurisdiction.

2. The SAC fails to state facts sufficient to plausibly plead a cause of action against Defendants.

3. Plaintiffs' claims are precluded under the doctrine of *res judicata* by the decisions in *Karsjens v. Harpstead*, No. CV 11-3659, 2022 WL 542467 (D. Minn. Feb. 23, 2022) and its related cases and appeals.

**RIGHT TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

Defendants reserve the right to amend their Answer to assert any additional affirmative defenses, objections, or other defenses available under applicable law or the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs be granted no relief in this action against Defendants;

2. That judgment be rendered in favor of Defendants and against Plaintiffs on each and every cause of action alleged in the SAC;

3. That Defendants recover their costs and fees incurred, including attorneys' fees; and

4. For any other further relief as this Court deems just and proper.

*(signature on next page)*

Dated: October 14, 2024.

KEITH ELLISON
Attorney General
State of Minnesota

*s/ Jacqueline Clayton*
AARON WINTER
Assistant Attorney General
Atty. Reg. No. 0390914

JACQUELINE CLAYTON
Assistant Attorney General
Atty. Reg. No. 0504082

BENJAMIN JOHNSON
Assistant Attorney General
Atty. Reg. No. 0391482

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1024 (Voice)
(651) 282-5832 (Fax)
aaron.winter@ag.state.mn.us
jacqueline.clayton@ag.state.mn.us
benjamin.johnson@ag.state.mn.us

*Attorneys for Defendants*

|#5903340-v1